CASE 19—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES AGAINST TURNPIKE CO. AND COUNTY—DEC 4.

## Sinkhorn v. Lexington, H. & P. Turnpike Co., &c.

APPEAL FROM MERCER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

COUNTIES—LIABILITY FOR FAILURE TO REPAIR ROAD—LIABILITY OF LESSOR FOR NEGLIGENCE OF LESSEE.

Held: 1. A county is not liable for injury resulting from its failure to repair a turnpike road leased by it from the owners, and maintained free of toll out of the general funds raised by taxation.

2. The lessor of the road, having surrendered entire control to the county as lessee, is not liable for the county's negligent failure to repair the road, and therefore, the undertaking of the county to save the lessor harmless for any suits that might be brought against the lessor by reason of failure to repair the road, does not render the county liable.

GAITHER & VANARSDALL and C. TERHUNE, attorneys for appellant.

Appellant instituted this action Sept. 20, 1890 to recover damages for injuries to himself and horse in crossing a bridge on the turnpike road belonging to appellees in Mercer county, alleging that said bridge had been permitted to become out of repair through the gross carelessness of appellee company, and by the gross carelessness of the defendant, Mercer county, was permitted to remain out of repair, and by reason thereof plaintiff received the injuries complained of.

The demurrer of the turnpike company was sustained upon the ground, that it was not in control of the road at the time of the accident, and therefore not liable. The road was leased to Mercer county, Dec. 31, 1897, and the county took possession thereof January 1, 1898, including road, road bed, toll houses and quarries. The company prior to the lease operated the road, charging toll, and was liable for any injury resulting from its negligence in failing to keep it in repair, and the petition alleges that it permitted this bridge where the accident occurred, to become out of repair before it was turned over to the county. This averment, coupled with the averment that the lessee permitted it to remain out of repair up to date of the accident, it seems to us is sufficient to fix the liability on the company whether it had any hand in its management after the lease or not.

The demurrer of the county was sustained upon the ground, as stated by the court, that a county partakes of the nature of a sovereignty and could not be sued for a tort, and further that the act of the fiscal court in assuming responsibility under the lease for injuries of this character was *ultra vires*.

The county is not sued here as an individual, but as lessee of the turnpike company, authorized by the statutes of the State of Kentucky; and having accepted the responsibility by authority of the superior sovereignty of the State, liability attaches and continues throughout the rental period.

All the cases reported so far as our investigation goes, which deny personal relief against counties in actions of this character, do so upon the grounds that no liability is imposed by statute and none by implication, and most of them make a distinction between a municipal corporation, or a city proper, and a *quasi* corporation, as a county. There is no good reason for this distinction except upon the theory of *stare decisis*. Many courts, however, have come to recognize no valid distinction between cities and counties regarding liability for negligence on the part of their agents.

Sinkhorn v. Lexington, H. & P. Turnpike Co., &c.

Cities and counties both derive their powers from the State-They are both said to be subordinate political divisions of the State, voluntary corporations, and should enjoy the same immunity from actions as the State.

If the doctrine of *stare decisis* is to become absolute in this country without regard to the constantly changing conditions of our form of government, then the hands of the courts are tied, and no relief can be had no matter what circumstances might render a departure from such rule of absolute necessity. When a policy is wrong the change should be made without regard to the length of time it has been upheld. We think the time has come, in this country, that the old rule "the king can do no wrong," should be abandoned and a policy adopted, in reference to this subject, which would effectually abolish the distinction which never had any foundation in reason for its support.

In all earnestness and sincerity, and with the profoundest respect for the learning and ability of this court, we ask it to abolish the distinction heretofore observed between cities and counties as to their liability for negligence, but even if the court should adhere to the old rule, we have the utmost confidence in our contention that this case has no parallel in Kentucky jurisprudence, and that the court will hold the county liable in this case, because of the contract growing out of the statute and the injury occurring while the county was operating the road under its lease. We submit that both the demurrers were improperly sustained.

### AUTHORITIES CITED.

Kentucky Statutes, section 4748b, sub-sections 5 and 6; Bank Lick Turnpike Company v. Broadus, Ky. Law Rep., vol. 22, page 827; Lawrence County v. Chattaroy R. R. Co., 81 Ky., page 225; Hampshire v. Franklin, 16 Mass., page 87; 2d Mass., 544; Jaggard on Torts, vol. 1, pages 183 and 184; Jasper County v. Almon, 142 Ind., 573; Copper v. Mills County, 69 Iowa, 350; Krause v. Davis County, 44 Iowa, 141; Hughes v. Muscatin, 44 Iowa, 672; Wilson v. Jefferson County, 13 Iowa, page 181; Eyler v. Allegheny County, 49 Md., page 257, 33 Amer. R., page 249; Shadler v. Blair County, 136 Pa., 488; Mahoney Twp. v. Scholly, 84 Pa., 136; Dean v. New Milford Twp., 5 Watts and S. 545; Raffo and West v. Moore, 68 Pa., 404; 8 Amer. R., 202; Shepard v. Pulaski Co., 13 Ky. Law Rep., 672.

J. T. WILSON, ATTORNEY FOR APPELLEES.

Our purpose shall be to make this brief suggestive rather than exhaustive.

The principle that a county, in the absence of an express statute imposing liability, is not responsible in damages for injuries occurring to citizens travelling upon its public highways, no matter what may be the defect causing the injury, is a fixed rule of law in this State and in many other States of the Union. Wheatley v. Mercer, &c., 9 Bush, 704; Comrs. Hamilton County v. Mighels, 7 Ohio St. Rep., 109 and authorities cited; Hughes v. County of Monroe, 147 N. Y., 49 (39 L. R. A., 33.)

This position being granted, we will look into the liability of the turnpike company. The injury occurred Oct. 2, 1899; the turnpike road property was surrendered by lease to the fiscal court of Mercer county, Dec. 31, 1897 which court has had the exclusive possession, control and management of the property for a year and nine months prior to and at the time of the injury sued for.

It is argued, as we learn by opposing counsel, that the road was out of repair when it was leased by the company to the county. An examination of the authorities will show conclusively, that the rule in Kentucky is, that the lessor of property is responsible for injuries caused by defects in the original construction of the road and not for those caused by failure to repair. The latter class of cases fall exclusively upon the lessee. This principle is decided in Louisville Southern R. R. v. Cogar, 15 Ky. Law Rep., 444 and Harper v. N. N. & M. V. Co., 90 Ky., 359.

To sum up briefly:

The county is not responsible for the reason there is no statute imposing a liability for such injuries.

The Turnpike Co. is not liable:

(1) Because it had parted with its interest in the road twenty-one months before the accident.

(2) Because when the fiscal court acquired the road it became, by operation of law, a public road like any dirt road of the county.

(3) Because the injury, if there was any, resulted not from any defect in the original construction of the road, but from failure to keep it in repair, a duty which wholly devolved upon the county and which the company could not assume to exercise.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellant, John Sinkhorn, was injured on a bridge on the Lexington, Harrodsburg & Perryville Turnpike Road, and brought this action against that turnpike road com-

pany, and also against Mercer county, lessee thereof, to
recover damages for such injuries. The trial court sus-
tained a demurrer to his petition. Declining to plead fur-
ther, his action was dismissed, and he appeals.

The petition states that the Lexington, Harrodsburg, &
Perryville Turnpike Road Company is a corporation regu-
larly and duly organized and authorized to construct and
maintain a turnpike road in Mercer county, which it had
done for many years; that in pursuance of an act of March
17, 1896, a vote was had in Mercer county, and "free turn-
pikes" was voted in the county. The turnpike road com-
pany then, as the petition alleged, conveyed the turnpike
road to the county by lease, and since that time the road
was under the control and management of Mercer county,
and was at the time of the injury complained of. The
petition alleges that the defect from which he received his
injury existed before the road was leased to the county.
It is further alleged that Mercer county in taking the lease
of the road, undertook, in addition to the rental to be
paid, to save and keep the turnpike company harmless from
any suits that may be brought against said turnpike com-
pany should said road get out of repair. It is further al-
leged that since the contract of lease the road has been a
free road, no tolls being collected thereon, and the same
has been managed and controlled exclusively by the county
of Mercer. Then is stated the injury, and causes thereof,
showing that the bridges were out of repair. Subsection
5, sec. 4748b, Kentucky Statutes, (being the act of March
17, 1896), provides: "If it shall appear that a majority
of all the votes cast for and against said proposition are
in favor of said proposition, then the fiscal court may ac-
quire, by gift, lease, purchase or contract, any or all the
turnpike roads, or parts of such, as lie within the county,

on the best terms consistent with public interests, in the discretion of said court, and may provide for the construction of new turnpike or gravel roads when the public good demands it,"—and then provides a tax to maintain the roads. Subsection 6; "All the turnpike and gravel roads thus acquired or constructed shall become public roads, and shall be maintained and kept in repair by and through the provisions of the fiscal court. . . . But said roads shall be free of toll to the traveling public." Subsection 7 empowers the directors of any turnpike or gravel road to convey to the fiscal court the title to such turnpike road. Thus it is seen that, when free turnpikes are voted in any county by the fiscal court of such county, the directors of any road in that county are authorized and empowered to contract by gift, lease, or absolute sale of any turnpike road or part thereof in such county. It is also seen that when such contract is made the road becomes free of toll, and is maintained by provision of the fiscal court out of general funds raised by taxation. There is no provision in the act of 1896 or elsewhere, in this State, that subjects the county or its fiscal court to an action for damages caused by negligence in failure to keep its public highways in repair. In the absence of a statute providing for liability, it has been held that the county nor the county court can be made liable for injury caused by defective roads and bridges. Wheatly v. Mercer, 9 Bush, .705; Hite v. Whitley County Court, 91 Ky., 168, (12 Ky. Law Rep., 764), (15 S. W., 57), (11 L. R. A., 122;) Sheppard v. Pulaski Co., 13 R., 1672, S. W., 15; Downing v. Mason Co., 87 Ky., 208 (10 R., 105), (8 S. W., 264), (12 Am. St. Rep., 473). We are referred by counsel to a number of cases from other States where counties are held liable, but after a careful con-

Sinkhorn v. Lexington, H. & P. Turnpike Co., &c.

sideration we prefer to adhere to our former ruling on the subject.

It is contended that the contract by which the county agreed to save the turnpike company harmless would make the county liable. If this position be conceded, yet there would be no liabililty* on the contract unless the turnpike company would be liable. In the case of Harper v. Railroad Co., 90 Ky., 360 . (12 R., 333), (14 S. W., 347), this court said: "The Chesapeake, Ohio & Southwestern Railroad Company filed a demurrer to the petition, which was sustained, and, we think, properly done, because, though it is alleged to be the owner, the Newport News & Mississippi Valley Company, having the exclusive control and management of the road, and the locomotive by which the injury was done being at the time operated by its employes, is alone answerable in damages to the plaintiff." In the recent case of Railroad Co. v. Breeden's Adm'x., 111 Ky., 729, 23 Ky. Law Rep., 1021 (64 S. W., 667), the question was fully discussed, and the doctrine of the Harper case, supra, is recognized, though not applied, as the facts of the Breeden case did not show a surrender of the roadway by the Louisville & Nashville Railroad Company, either with or without legislative authority. The rule in the Harper case is supported by Thomp. Neg., sec. 1955; also by numerous authorities collected in note to Caruthers v. Railroad Co., 44 L. R. A., 737-750 (s. c. 54 Pac., 673). According to the rule in the Harper case, if the lease is made of the entire road, its rights and franchises, and this by virtue of general law authorizing such lease, then the lessor is not liable for any misdoings or torts of the lessee while in such possession. We therefore conclude that the turnpike company is not liable for any negligent failure to repair the road or

bridge. It must follow that the county would not be liable on its contract of indemnity.

For these reasons the judgment sustaining the demurer and dismissing the petition is not error. Judgment affirmed.