**James E. SHEARER et al., Appellants,**

**v.**

**James A. HALL, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 12, 1965.

As Modified on Denial of Rehearing
March 25, 1966.

Anthony R. Hellmann, Louisville, for appellants.

William H. Hays, Ralph Mitchell, Shelbyville, Oldham Clarke, Louisville, George F. Williamson, James A. Hall, Jr., LaGrange, for appellees.

HILL, Judge.

This is an appeal from an order dismissing appellants' complaint for failure to state a cause of action.

On December 27, 1962, appellants, James E. Shearer, his wife and infant children, were passengers in an automobile being driven across a bridge spanning Floyds Fork Creek on Todds Point Road. The bridge collapsed injuring appellants. Floyds Fork Creek at the location of the bridge is the boundary line between Shelby and Oldham Counties. The bridge has been maintained jointly for some years by the two counties. This action seeks damages for injuries claimed to have been received in the collapse of the bridge.

The defendants, with the exception of B. M. Johnson, are the members of the fiscal courts of the two counties as individuals and as members of the fiscal courts of their respective counties. Johnson is the road engineer of Shelby County.

Neither Shelby nor Oldham County is made a party defendant, although the complaint names the "Shelby County Fiscal Court" and the "Oldham County Fiscal Court" as parties, in addition to naming the members of the two fiscal courts in their individual capacities. Counsel for defendants did not raise the question that the two counties were not made parties until the filing of appellees' brief in this Court. Apparently the trial court treated the two counties as having been properly joined as defendants when it referred in the judgment to "sovereign immunity," and in citing Carr v. Jefferson County, 275 Ky. 685, 122 S.W.2d 482 (1938). Nevertheless, the counties were not made defendants. In Howell v. Haney, Ky., 330 S.W.2d 941 (1960), it was held that joining the individual members of the board of education and members of the fiscal court did not operate to join the board of education and the county in their capacities as quasi corporations.

■ Appellants contend the counties are "estopped" on this appeal to raise this question for the first time. With this we do not agree.

This question should not be confused with the situation where an "issue" not raised by the pleadings, but tried by expressed or implied consent, is treated in all respects as if it had been raised in the pleadings under CR 15.02.

■■ Consequently, with the two counties out of the picture, our inquiry concerns the sufficiency of the allegations of the complaint as to the defendants in their individual capacities.

Following are the pertinent allegations of the complaint:

(1) "(B)ecause of the negligence and carelessness of the aforesaid defendants, jointly and severally, and as a direct cause thereof, said bridge collapsed; that the defendants knew or by the exercise of ordinary care, should have known the dangerous condition of said bridge and should have warned the public thereof and particularly these plaintiffs * * *."

(2) "11. Plaintiffs further state that pursuant to Chapters 67, 178 and 179 of the Kentucky Revised Statutes, it was the duty of the defendants to repair and maintain said bridge for the safety of the public and these plaintiffs, and that the defendants willfully and wantonly failed to do so."

A wanton act is an unrestrained act. Gross negligence is the failure to exercise slight care. Chesapeake & O. Ry. Co. v. Dodge, 66 S.W. 606, 23 Ky.Law Rep. 1959; Louisville & N. R. Co. v. Roth, 130 Ky. 759, 114 S.W. 264 (1908); Louisville & N. R. Co. v. Smith, 135 Ky. 462, 122 S.W. 806 (1909).

In determining the sufficiency of pleadings, we are met at the threshold by CR 8.01 providing for "(1) a short and plain statement of the claim showing that the pleader is entitled to relief." Clay's Kentucky Practice, volume 6, page 128, thus defines the purpose of pleadings:

"The purpose of this Rule is to assign to pleadings the function of giving notice and formulating true issues without the requirement that they detail every fact which in the past may have been necessary to constitute a formal 'cause of action' or a defense. The common law concept of pleading to an issue is completely abandoned."

This brings us to the troublesome question, are public officials personally liable for negligence or "wanton" failure to perform their official duties? Those duties as they relate to members of the fiscal court are thus defined in KRS 67.080: "The fiscal court may: * * * (5) Erect, keep in repair and superintend bridges and other structures; * * * (9) Provide for the good condition of the highways in the county." The duties of the defendant Johnson, as county road engineer, are defined in KRS 179.200 in these words: "(1) Every six months, and at such other times as the fiscal court directs, the county engineer shall inspect, or cause to be inspected, the county roads and bridges within the county."

In addition to the foregoing statutes relative to the duties of defendants, section 227 of the Constitution of Kentucky provides: "Judges of the County Court, Justices of the Peace, * * * shall be subject to indictment or prosecution for misfeasance or malfeasance in office, or willful neglect in discharge of official duties, in such mode as may be prescribed by law * * *." Following the guidelines of this section of the Constitution, the Legislature enacted KRS 61.170 which provided that justices of the peace and other named officers may be indicted for malfeasance or misfeasance in office or willful neglect in the discharge of official duties.

Appellees contend the use of the word "may" in connection with the duties of justices of the peace vests in such officers a discretion to act; and, unless there is a

mandatory provision in the statute requiring the performance of a duty, no civil liability is imposed. Numerous cases are cited, including Wheatly v. Mercer, 72 Ky. 704 (1873), Hardwick v. Franklin, 120 Ky. 78, 85 S.W. 709 (1905), Sinkhorn v. Lexington, H. & P. Turnpike Road Co., 112 Ky. 205, 65 S.W. 356 (1901).

▇ In the light of more recent cases, to which we later refer, we think by the use of the word "may" in KRS 67.080 the Legislature clearly intended not only to empower the fiscal courts to repair and keep in good condition the roads and bridges, but by implication they are placed under the duty to exercise some degree of care and diligence in the performance of such duties. The pleading in question not only charges failure to exercise ordinary care, but alleges defendants willfully and wantonly failed to perform the duties required of them by law and referred to specifically in the statutes quoted above.

The general rule concerning personal liability of public officers for injuries resulting from defective highways is stated in 25 Am.Jur., Highways, section 604, page 889, as follows: "According to the majority rule, a public officer is liable for personal injuries resulting from his negligence, where the duty imposed on him of keeping the streets or highways in repair is ministerial or mandatory in character, and not judicial or discretionary."

▇ For a definition of "ministerial" act as distinguished from a "discretionary" one, we quote the following from Upchurch v. Clinton County, Ky., 330 S.W.2d 428, 430 (1959):

"The essentials of a ministerial as contrasted with a discretionary act are thus set forth in 43 Am.Jur., Public Officers, sec. 258, p. 75: 'An official duty is ministerial when it is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts; that a necessity may exist for the ascertain-ment of those facts does not operate to convert the act into one discretionary in its nature. Discretionary or judicial duties are such as necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one or two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed. However, an act is not necessarily taken out of the class styled "ministerial" because the officer performing it is vested with a discretion respecting the means or method to be employed.' "

And further on this subject in an opinion written for this Court in 1902 by Judge O'Rear in Commonwealth v. Boyle County Fiscal Court, 113 Ky. 325, 68 S.W. 116, 118 (1902), it was said:

"We have seen, though, that the duty of keeping up the highways of a community is by law imposed upon the respective counties, and by law conferred upon that branch of officials within a county who may constitute its fiscal court. These officials are invested with the necessary discretion as to the manner of discharging the duties of their offices. But this discretion is not one that can set at naught the duty. Their discretion consists in the manner how, not in the matter of whether, the highway shall be kept in fit condition for public use, in so far as the means given to their hands by the law will suffice."

After quoting KRS 3748 (now KRS 61.-170) referred to above, Judge O'Rear continues:

"We are of the opinion that under the statutes above quoted the duty of keeping the public highways of a county in repair is primarily imposed upon

the members of the fiscal court sitting as the governmental tribunal of the county. The responsibility, if any, for a willful failure to discharge this duty, would rest upon the members individually, and not the county."

In the more recent case of Whitt v. Reed, Ky., 239 S.W.2d 489, 490, 32 A.L.R.2d 1160 (1951), this Court reversed an order sustaining a demurrer to a petition (now motion to dismiss) seeking damages for injuries received by a pupil by hot water expelled from a drinking fountain. The suit was filed against the members of the board of education of Graves County and others. In approving a pleading seeking recovery this Court said: "Its members (Graves County Board of Education) and the other school officials are sued in their individual capacities for their individual acts of negligence. We know of no legal theory which insulates a public official from liability for his own personal tortious acts."

This reasoning is followed in Spillman v. Beauchamp, Ky., 362 S.W.2d 33, 36, 2 A.L.R.3d 814 (1962), wherein public officers of a like or similar classification were held liable for negligence or deliberate wrongdoing. We quote from the Spillman case:

"It seems to us that in order to impose personal liability there should be some element of personal fault on the part of the officer or agent, such as negligence or deliberate wrongdoing. The ordinary rule is that a public officer when acting in good faith within the scope of his authority is not personally liable for damages sustained by a member of the public as a result of his action, unless he acted negligently, that is, failed to meet the standard of the ordinarily prudent man. 67 C.J.S. Officers § 125, pp. 417, 418; J. F. Schneider & Son v. Watt, Ky., 252 S.W.2d 898. In our opinion this is a proper rule, and if under a particular set of facts liability would not exist under this rule liability should not be imposed on the officer simply because the government cannot be made to pay."

We are not unmindful of the need to afford some measure of protection to public officers in the performance of their official duties, particularly poorly paid ones, such as members of fiscal courts, who are required to devote only part of their time to official duties. We can appreciate the reaction of public officials if the opinions of the courts give the public the general impression such public officials are guarantors of the safety of bridges and highways. Certainly such impressions would discourage qualified men from seeking the important office in question.

While most of the highways have been taken over by the Kentucky Department of Highways, some remain under the jurisdiction of the fiscal courts. The fiscal courts may close a road or bridge and the public must walk around or get to its destination the best way it can; but, if it does so, it should give an appropriate signal or warning thereof. The county may not be financially able to afford some road or bridge repairs at the very time of need. Floods or other unusual conditions may increase cost of road repairs beyond the income of a county. As often happens throughout Kentucky, fiscal courts provide for the appointment and designation of individual members as "committees" to inspect, report and be responsible for the roads in their respective districts. In which event, the personal responsibility of the individual member of the fiscal court may or may not be limited to the district in which he is so designated. All of these questions, and possibly more, may be important factual situations in determining the legal liability, if any, of the individual members of the fiscal courts. We do not know the facts of the present case; we only have the claim of appellants as contained in their complaint.

It is not alleged that defendants had notice of the defective condition described.

In the present case, we do not hold that appellees or any of them are legally liable for the damages claimed. We simply conclude the allegations of the complaint are sufficient to get appellants into court, so that they may have an opportunity to develop the facts and have their "day in court."

Finally, appellants complain that the trial court erroneously relieved appellees of the requirement of answering appellees' interrogatories. This ruling of the trial court was apparently a consequence of its ruling on motion to dismiss for failure to state a cause of action. On remand of the case, appellants will be entitled to a ruling on the propriety of the questions contained in the interrogatories.

The judgment is reversed for proceedings consistent herewith.

MONTGOMERY, Judge (dissenting).

I think that the majority opinion is wrong in holding that the duties as set forth therein of the individuals composing the two fiscal courts are ministerial. Under the definition of ministerial and discretionary duties quoted from the Clinton County case, I think that the duties should be classified as discretionary. The establishment, maintenance, and operation of the county road system require the exercise of judgment and discretion on the part of the fiscal court members as to what shall be done in this respect in regard to any particular road or part thereof, having consideration for many factors, including the money available with which to do so. The members of the fiscal court constitute the management of the county government. The authorities cited say that an official is not liable for judicial or discretionary acts.

Further, the majority opinion does not clearly define whether liability is based on ordinary negligence or wanton negligence.

For these reasons I respectfully dissent.

STEWART, J., concurs.