Jewell McTAVISH, Administratrix of the Estate of Peter R. McTavish, Deceased, Plaintiff-Appellant,

v.

CHESAPEAKE AND OHIO RAILROAD CO., Defendant-Appellee.

No. 72-2085.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1973.

Decided Oct. 16, 1973.

Edward M. Post, Louisville, Ky., for appellant; H. S. Horen, Louisville, Ky., on brief.

Gerald Kirven, Louisville, Ky., for appellee; Matthew R. Westfall, Joseph H. Terry, Louisville, Ky., on brief; Middleton, Reutlinger & Baird, Louisville, Ky., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the District Court's entry of summary judgment for Appellee, Chesapeake and Ohio Railroad Co., in a wrongful death action by Appellant as administratrix of the estate of Peter R. McTavish, who was killed in an auto-train collision involving one of Ap-

pellee's trains. Jurisdiction is based upon diversity of citizenship, and Kentucky law is therefore controlling.

McTavish was killed when his car was struck at the grade crossing of Appellee's tracks and Kentucky Highway 801 in Farmers, Kentucky. The crossing was marked with a standard yellow "RR" sign, a standard railroad crossbuck, and a state highway stop sign. The accident occurred in daylight at approximately 6:45 a. m., on a clear day.

Appellant alleged that the Railroad was negligent in that McTavish's view of the track was obstructed by overgrown foliage along the track; the train was traveling at an excessive speed; the train's crew failed to give any signal; and the train's crew failed to keep a proper lookout at what was known to be an extra-hazardous crossing.

According to the depositions of four eye witnesses, McTavish stopped at or near the stop sign about 25 feet from the track and stopped again near or on the track before attempting to proceed across the track. It was Appellant's contention that due to the overgrown foliage, McTavish was unable to see the approaching train when he first stopped near the stop sign. Appellant further asserted that McTavish then proceeded slowly (at about 3 to 4 MPH), but when he finally did see the train it was impossible for him to avoid entering the train's path. It then became necessary for him to remove himself from this danger zone by rapidly proceeding across the tracks.

Appellee's argument, as accepted by the District Court, is that under the holding of the Kentucky Court of Appeals in Louisville & N. R.R. v. Fisher, 357 S.W.2d 683 (Ky.1962), McTavish was contributorily negligent as a matter of law and is therefore barred from recovery. In Fisher, a wrongful death action for a motorist killed at a railroad crossing, it was argued that the crossing was extra-hazardous due to an overgrowth of vegetation which obstructed the motorist's view of the approaching train. The Court held that regardless of whether the crossing was extra-hazardous, the decedent had been contributorily negligent as a matter of law because he had failed to exercise due care in ascertaining the presence of the oncoming train. Basing its decision on the holding that the existence of an obstruction requires a greater degree of care to be exercised by a motorist, the Court stated: .

"The fallacy in plaintiff's position is that a motorist has exhausted his duty to exercise care upon *reaching* a STOP sign. This could not be true from the standpoint of common sense, rational conduct, or the law.

\* \* \* \* \* \*

"Surely if a motorist's view is obstructed when he stops at a STOP sign, he is under a duty to proceed with caution until he can discover the particular hazard the sign warns him to expect.

\* \* \* \* \* \*

"The extra-hazardous condition upon which plaintiff pins his case is the very condition which the motorist must observe and can neutralize if he obeys the literal warning of the sign and arrests his progress. Stopping puts him in a position of *mobility*, which we have heretofore discussed in connection with the duties of a pedestrian. Warned by the sign and confronted with an unseen but predictable peril on his right, a reasonably prudent person would certainly take extra precautions to discover his danger. The circumstance of obscured vision imposed on Fisher more rather than less care." 357 S.W.2d at 691–692. (Emphasis in original).

In *Fisher*, the Court assumed without deciding that the jury could have found the Railroad negligent due to the condition of the crossing and/or the acts of its employees. The decision precluded any recovery on that basis because the contributory negligence of the decedent

was a complete defense to a finding of negligence. We are unable to rule that the District Court erred in concluding that McTavish was contributorily negligent as a matter of law under the *Fisher* holding.[1]

However, two degrees of negligence are recognized in Kentucky: ordinary negligence, or the "failure to exercise care which ordinarily prudent persons would exercise in like or similar circumstances"; and gross negligence, which is the "absence of slight care". Lowe v. Commonwealth, 298 Ky. 7, 181 S.W.2d 409, 412 (1944); Shearer v. Hall, 399 S.W.2d 701 (Ky.1966); Louisville & N. R.R. v. George, 279 Ky. 24, 129 S.W.2d 986 (1939). We interpret the *Fisher* decision as dealing with contributory negligence as a defense to ordinary negligence, not as a defense to gross negligence. In the present case, in addition to the obstructed view of the railroad track, it was also alleged that the excessive speed of the train and the failure of the crew to give any signals or to keep a lookout at an extra-hazardous crossing were elements of Appellee's negligence. Appellant contends that these additional elements, not present in *Fisher* [2] could have resulted in a finding of gross negligence by the jury. Our question, then, is whether the evidence presented a genuine issue of material fact as to Appellee's gross negligence—an issue not considered by the District Court in its entry of summary judgment.[3] Every negligence case, of course, rests upon its own facts and circumstances. Bonn v. Sears, Roebuck & Co., 440 S.W.2d 526 (Ky.1969). An act which would not be negligent under one set of circumstances could be negligent in a different situation. And an act constituting ordinary negligence could, when combined with other acts, constitute gross negligence. See Brown v. Riner, 500 P.2d 524 (Wyo.1972); Ferguson v. Ferguson, 212 Va. 86, 181 S.E.2d 648 (Va.1971).

The affidavits and depositions submitted in the District Court indicate that the overgrowth of vegetation obstructed the decedent's view of the track until some point between the stop sign and the track. The depositions of the witnesses also presented conflicting statements regarding the speed of the train, the signals given by the crew and the lookout maintained by the crew at what appears to have been an extra-hazardous crossing. It is therefore apparent that the pleadings, depositions, affidavits, etc., before the District Court raised

---

1. We distinguish this Court's decision in Baird v. Cincinnati, N.O. & T.P. R.R., 315 F.2d 717 (6th Cir. 1963), inasmuch as the Court in *Baird* failed to mention or apply the rule of Louisville & N. R.R. v. Fisher, *supra*. See Thompson v. Illinois Central R. R., 423 F.2d 1257 (6th Cir. 1970).

2. In the *Fisher* case it was uncontradicted that the train's bell was ringing before the train reached the crossing, and the only witness testified that he heard both the bell and the whistle. 357 S.W.2d at 689. Moreover, the only evidence on these issues appeared to indicate that the train was not speeding, *id.* at 684, and that the train's crew was maintaining a lookout, *id.* at 688.

3. The complaint alleged that the accident was caused by Appellee's operation of its facilities "in a negligent and careless manner", and that the decedent's death was proximately caused by Appellee's "negligence and carelessness". The District Court refused to permit Appellant to amend her complaint so as to allege gross negligence after Appellee had pleaded contributory negligence as a defense. We believe that the issue of Appellee's gross negligence was nonetheless before the District Court.

As we noted *supra*, two degrees of negligence are recognized in Kentucky: ordinary negligence and gross negligence. In both Shearer v. Hall, 399 S.W.2d 701 (Ky.1966), and Lowe v. Commonwealth, 298 Ky. 7, 181 S.W.2d 409 (1944), it was alleged that the negligence and carelessness of the defendant had caused the plaintiff's injuries. In neither case does it appear that the degree of negligence was alleged, i. e., ordinary or gross, although in both cases the question of gross negligence was considered by the Court. Thus, it is apparent that in Kentucky, an allegation of "negligence and carelessness", with no stipulation regarding the degree of negligence, includes an allegation of both ordinary and gross negligence. We conclude that the question of gross negligence was properly before the District Court.

genuine issues of fact which were material to the question of Appellee's gross negligence.

As the Kentucky Court of Appeals recognizes, summary judgment should be exercised with caution:

"We are aware that caution should be exercised in granting summary judgment in negligence cases, because determination of the issue of fact involved in these cases depends upon the application of the standard of care of an ordinarily prudent individual. The facts and circumstances of individual cases affect the extent of care to be expected from the parties involved." Bonn v. Sears, Roebuck & Co., 440 S.W.2d 526, 530 (Ky.1969).

And in a Kentucky case, we have recently discussed the question of summary judgment:

"It is well settled that it is the rare negligence case that can be resolved by summary judgment. Aetna Insurance Co. v. Cooper Wells & Co., 234 F.2d 342, 344 (6th Cir. 1956). In Rogers v. Peabody Coal Company, 342 F.2d 749 (6th Cir. 1965), we said:

'Summary judgment should be granted only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and no genuine issue of fact remains for trial. The purpose of the rule is not to cut litigants off from the right to trial by jury if they really have issues to try. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620 [627], 64 S.Ct. 724, 88 L.Ed. 967 (1944).

'In the instant case, plaintiff seeks recovery based upon defendant's alleged negligence. This Court has previously noted that there is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner [citations omitted]. It is only in the exceptional negligence case that the rule should be invoked. [citation omitted]. And even where the trial judge reasonably may surmise that plaintiff is unlikely to prevail upon a trial, that is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them [citations omitted].' 342 F.2d at 751.

"There is here the denial of the opportunity afforded by our adversary system to put opposing factual contentions against each other to determine truth. To say as a matter of law that this crash occurred only because of crew negligence overlooks the potential acceptability of other contentions. This is the function of the trial. It is there the necessary sifting out of facts occurs." Reidinger v. Trans World Airlines, Inc., 463 F.2d 1017, 1021–22 (6th Cir. 1972).

Applying this standard to the issues of fact respecting Appellee's gross negligence in the present case, we hold that the District Court erred in granting Appellee's motion for summary judgment. A contrary holding would preclude a motorist's recovery in every conceivable case involving a railroad crossing collision, regardless of the degree of care, or total lack thereof, exercised by the railroad. We do not read the *Fisher* case as requiring this result.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion, with no costs allowed.