Keith Randall SPARKMAN d/b/a In–Depth Sanitary Service Group and In–Depth Sanitary Service Group, Inc., Appellants/Cross–Appellees [1]

v.

CONSOL ENERGY, INC., and Consol of Kentucky, Inc., Appellees/Cross–Appellants

2013–SC–000119–DG AND
2013–SC–000831–DG

Supreme Court of Kentucky.

RENDERED: AUGUST 20, 2015

CORRECTED: SEPTEMBER 24, 2015

1. The style of the case reflects the parties as listed in the Motion for Discretionary Review. We acknowledge that the naming of the parties is a central issue in this appeal and in the Court of Appeals' opinion below, and we do not dispose of any substantive matters in the naming of the parties in the style of this opinion.

Adam Peter Collins, Collins & Collins, PSC, Counsel for Appellant/Cross–Appellee.

Anne Adams Chesnut, David Craig Dance, Jennifer Julie Cave, Bingham Greenebaum Doll, LLP, Frank F. Chuppe, Jr., Virginia Hamilton Snell, Deborah H. Patterson, Sara Christine Veeneman, Wyatt Tarrant & Combs, LLP, Counsel for CONSOL Energy, Inc., and CONSOL of Kentucky, Inc., Appellees/Cross–Appellants.

Opinion of the Court by Justice Abramson

This action resulted in a jury verdict and judgment in favor of Keith Randall Sparkman d/b/a In–Depth Sanitary Service Group on claims of breach of contract and tortious interference with contract. On appeal, Defendants CONSOL Energy, Inc. ("CONSOL") and CONSOL of Kentucky, Inc. ("CKI") raised various substantive issues regarding the claims asserted and the trial, while Plaintiffs Keith Randall Sparkman ("Sparkman") and In–Depth Sanitary Service, Inc. sought review of an evidentiary ruling by cross-appeal. The Court of Appeals never reached the issues raised by the parties, but instead *sua sponte* concluded that it had no jurisdiction over the appeal. The contracts at the center of the dispute were entered into by In–Depth Sanitary Service Group ("Group"), a sole proprietorship that was not named in the complaint, (as opposed to the Plaintiff In–Depth Sanitary Service Inc.), and consequently, the judgment was in favor of Group, a "non-party." Finding no appellate jurisdiction in those circumstances, the Court of Appeals reversed and remanded the judgment to Knott Circuit Court for further proceedings including "any appropriate corrective action." The appellate court also dismissed the cross-appeal on that same ground as well as for being improperly taken from the wrong judgment. We now reverse and remand this matter to the Court of Appeals to address the appeal and cross-appeal on the merits.

### RELEVANT FACTS

CONSOL is a coal and natural gas company with headquarters in Pittsburgh, Pennsylvania. Its subsidiary, CKI, operates mining facilities in eastern Kentucky. In 2001, CKI contracted with Keith Sparkman to provide cleaning services at two of CKI's facilities, the Jones Fork Mine Main Office and the Mill Creek Prep Plant. The contracts were executed between CKI and "In–Depth Sanitary Service Group" ("Group"), a sole proprietorship operated by Sparkman. In 2002, Sparkman incorporated an entity named "In–Depth Sanitary Service, Inc." ("Inc."), a corporation wholly owned by Sparkman and his wife. Despite the creation of Inc., CKI continued to contract exclusively with Group, with Sparkman signing the contracts on behalf of Group.[2] In 2004, CKI contracted

---

**2.** The parties have attached identical copies of the signed purchase orders which constitute the three contracts. Each is signed by Sparkman on behalf of Group, but each also has a

with Group to clean a third facility, the Jones Fork Slope Mine. The contracts for all three facilities were payable on a month-to-month basis and renewed on a year-to-year basis.

By 2005, the business relationship between Group and CKI had begun to deteriorate. In February 2005, CKI contacted Sparkman via a certified letter to inform him that it had terminated two of the three cleaning contracts with Group. Sparkman, disgruntled over the loss of the contracts,[3] attempted to secretly record conversations with CKI and CONSOL representatives. As a result of the discovery of these efforts, CKI terminated Group's remaining contract.

Sparkman filed a complaint against CONSOL and CKI, as well as certain individuals,[4] for breach of contract and tortious interference with contract. The named plaintiffs were "Keith Randall Sparkman, Individually, and In–Depth Sanitary Services, Inc.". Sparkman alleged that the CKI contracts were terminated unlawfully, while Inc. alleged that former Inc. employee Amy Little conspired with CKI employees to steal the facilities cleaning business from him.

The Knott Circuit Court jury trial took place in 2009 and lasted six days. Little, Scarberry, and Campbell were dismissed as defendants by directed verdict before the close of the trial. As reflected in the judgment entered on August 28, 2009, the jury found in favor of "Keith Randall Sparkman d/b/a In Depth Service Group" and awarded damages in the amount of $34,500.00 for breach of the contracts; $278,450.00 for tortious interference;

$50,000.00 for past and future pain, suffering, and mental anguish; and $350,000.00 for gross negligence. CONSOL and CKI moved the trial court for a judgment notwithstanding the verdict and to alter, amend, or vacate the jury award. In response to CONSOL/CKI's post-judgment motions, the trial court entered an order on October 14, 2009, amending the judgment to reduce the tortious interference award by $34,500.00.

CONSOL/CKI appealed the jury verdict to the Court of Appeals where CONSOL argued *inter alia* that it was privileged to interfere with the contracts of its wholly-owned subsidiary CKI, and did so without malice. Sparkman filed a cross-appeal challenging an evidentiary ruling made during the trial. All parties listed "KEITH RANDALL SPARKMAN AND IN–DEPTH SANITARY SERVICES, INC." as the plaintiffs in the caption of their notice of appeal. However, the body of CONSOL/CKI's notice of appeal identified "Keith Randall Sparkman d/b/a In Depth Sanitary Services Group" as the plaintiff, while the body of Sparkman's notice of cross-appeal identified the plaintiff as: "Keith Randall Sparkman d/b/a In–Depth Sanitary Services, Inc." The notices were timely filed.

As noted, the Court of Appeals disposed of the matter *sua sponte* based on a perceived lack of jurisdiction. Specifically, the Court of Appeals observed that while the complaint was filed by Sparkman and Inc., the contracts were actually entered into by Group. According to the Court of Appeals, the wrong parties had filed the suit and the trial court's judgment award-

---

contractor register sheet which lists Inc. as the contractor.

**3.** Sparkman was also suspicious that an Inc. employee was engaged in an extramarital affair with a CKI employee.

**4.** Other named defendants were former Inc. employee Amy Little, CKI mine supervisor Clell Scarberry, and CKI/CONSOL human resources supervisor Craig Campbell.

ed damages to a "non-party"—that is, "Keith Randall Sparkman d/b/a In–Depth Sanitary Service Group"—a party that the appellate court concluded appears nowhere in the pleadings or at trial. Finding no jurisdiction over the parties named in the appeal, the Court of Appeals reversed and remanded the matter to the trial court "for further proceedings and appropriate corrective action, if any there be." The court then dismissed Sparkman's cross-appeal on similar grounds while also noting that the cross-appeal had been taken from the wrong judgment and order.

## ANALYSIS

The contracts at the heart of this dispute are between CKI and Group, a sole proprietorship operated by Keith Sparkman. Proof to this effect was introduced at trial, and eventually the jury instructions proffered by the parties, the verdict and the judgment all referred to Group as the party for whom judgment was sought and entered. Unfortunately, Group was not a named plaintiff nor did it appear in the caption of CONSOL/CKI's notice of appeal, although, interestingly, Group was named in the body of that notice as the party against whom the appeal was taken. Spotting the disconnect, the Court of Appeals invoked *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky.1990) to find a lack of jurisdiction and then reversed and remanded the matter to the trial court for correction of what it deemed a clerical error, albeit one that might not be subject to any corrective action. While this case has been unnecessarily complicated by the parties' and the trial court's failure to address the disconnect between the proof/judgment and the pleadings, the Court of Appeals erred in its disposition of the case, beginning with its conclusion that *City of Devondale* was controlling. To unravel this, we start there.

In *City of Devondale,* a group of Jefferson County residents brought a declaratory judgment action seeking to avoid annexation, and the circuit court allowed the City of Louisville and Jefferson County to intervene. 795 S.W.2d at 955. After the residents prevailed on summary judgment, Devondale filed a notice of appeal listing as the appellees against whom the appeal was taken all of the individual residents who had brought the suit. Weeks later, Devondale sought to correct its omission of the City of Louisville and Jefferson County as appellees by a motion to amend the notice of appeal. The Court of Appeals denied that motion and subsequently dismissed the appeal for failure to join necessary parties. On review this Court stated that "a notice of appeal, . . . transfers jurisdiction of the case from circuit court to the appellate court" and "places the named parties in the jurisdiction of the appellate court." *Id.* at 957. The City of Louisville and Jefferson County were indispensable parties to the annexation dispute but the defective notice only transferred jurisdiction over the individual residents. Recognizing the doctrine of substantial compliance as "salutary and progressive" in other contexts of appellate practice, this Court nevertheless declined to apply it in those circumstances "to retroactively create jurisdiction." *Id.* The Court pointedly observed: "There are policy considerations that mandate strict compliance with the time limit on filing of the notice of appeal. Potential parties to an appeal have the right to know within the time specified in the rule that they are parties." *Id.*

The instant case is manifestly different from *City of Devondale.* There the City of Louisville and Jefferson County were wholly separate and distinct from the individual residents and while the notice of appeal transferred jurisdiction over the individual residents to the appellate court it did nothing with respect to Louisville and

Jefferson County. Here Keith Sparkman and Group, his d/b/a entity, were essentially synonymous, given the legal status of a sole proprietorship (discussed more fully *infra*), and all of the affected parties (along with their respective issues and proof) were not only before the trial court but also before the Court of Appeals, albeit imperfectly named. Contrary to the Court of Appeals' observation, Group *did* appear in the proof of this case because Sparkman testified about his business operations (explaining he did business as Group) and his contracts with CKI. Additionally, the contracts entered as exhibits clearly bore the assumed name "In–Depth Sanitary Service Group." The parties tailored the jury instructions/verdict to this proof, and the trial court did the same by specifically granting judgment to Keith Sparkman d/b/a In–Depth Sanitary Service Group. Unlike *City of Devondale,* in this case there was no issue of any interference with a wholly separate and distinct party's "right to know" that it was a party to an appeal. While the omission of Group as a named plaintiff left the complaint vulnerable to a motion to dismiss for lack of standing (which probably would have prompted an appropriate amendment of the complaint years ago in the trial court) and that type of omission could be fatal under different circumstances, it was not here for the reasons addressed below.

## I. The Judgment of the Trial Court Identified the Correct Party Because the Parties Mutually Consented to the Amendment of the Complaint to reflect Keith Randall Sparkman d/b/a In–Depth Sanitary Service Group.

Sparkman argues that because the parties treated Sparkman and Group as one and the same throughout the proceedings and agreed to submit the case to the jury with instructions designating Group as the party for whom judgment was sought, all parties essentially consented to amending the complaint to include "Keith Sparkman d/b/a In–Depth Sanitary Service Group" as a party to the action. Having reviewed the record of this case in light of applicable law, we agree.

Under the Kentucky Rules of Civil Procedure (CR), a pleading may be amended so that it conforms to the evidence presented at trial:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleading as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

CR 15.02.

As expressly outlined in the rule, issues that are not raised in pleadings but are nevertheless tried are treated as though they were in fact raised in pleadings. CR 15.02. An amendment pursuant to CR 15.02 may be accomplished by the express or implied consent of the parties, and amendment can occur "even after judgment." *Id.* A threshold issue on these facts is whether the naming of the proper plaintiff at the trial level constituted an "issue not raised by the pleadings" that is subject to amendment by consent as referenced in CR 15.02. If so and CR 15.02 applies generally, then it is necessary to analyze the record to determine if the parties indeed consented to the amendment.

At least one case suggests that CR 15.02 does not permit amending a complaint to add an omitted party. In *Shearer v. Hall,*

a motorist injured in a bridge collapse brought suit against individual members of the fiscal courts of the two counties charged with maintaining the bridge. 399 S.W.2d 701, 702 (Ky.1965). The two counties themselves were never made defendants, but the trial court apparently treated the counties as if they were named in the complaint by referencing the doctrine of sovereign immunity in the judgment. *Id.* The *Shearer* Court was quick to reject the notion that the counties (the absence of which from the pleadings was not raised until the appeal was filed) were estopped from raising the defense on appeal. *Id.* at 703. The Court held that the plaintiffs' failure to name the counties as parties did not fall under the purview of the CR 15.02 amendment rule, positing: "This question should not be confused with the situation where an 'issue' not raised by the pleadings, but tried by expressed or implied consent, is treated in all respects as if it had been raised in the pleadings under CR 15.02." *Id.* In support of its position, the Court cited authority holding that naming individual members of a county's fiscal court as defendants did not operate to join the county in an action. *Id.* (*discussing Howell v. Haney*, 330 S.W.2d 941 (Ky. 1960)).

In *Shearer*, CR 15.02 could not be used to add a missing defendant to an action on appeal, but that, of course, is not the issue here. In this case the problem is with the naming of the plaintiff(s), not the defendants. As repeatedly noted, Sparkman filed suit both in his own name and on behalf of the corporation, Inc. Had Sparkman failed to bring the complaint in his own name leaving only Inc. as a party, the

*Shearer* holding would arguably foreclose *any* application of CR 15.02 to amend the complaint [5] to add "Sparkman d/b/a/ In–Depth Sanitary Service Group" because Group and Inc. are wholly separate entities. *See Miller v. Paducah Airport Corporation*, 551 S.W.2d 241 (Ky.1977) (individual was not proper plaintiff even though he was sole owner of the corporation that was the real party in interest). However, the issue presented here is not one of adding a completely new party to the action. Rather, this case concerns proof adduced at trial to identify how the plaintiff operated his cleaning business, (*i.e.*, not as Keith Sparkman but as Sparkman d/b/a Group, a sole proprietorship) and, more importantly, whether the parties consented to amending the complaint to reflect that proof.

In *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136 (Ky.1991), this Court held that a trial court did not abuse it discretion when it permitted a plaintiff to amend the pleadings to conform to the evidence in a lawsuit against a manufacturing company following a roof collapse at an industrial building. In that case, the plaintiff alleged a breach of warranty claim that was ultimately determined to be time-barred. *Id.* at 146. Because the proof necessary to prove a breach of contract claim was already in evidence presented in support of the warranty claim, this Court found the trial court properly allowed amendment of the complaint to add a breach of contract claim at the close of all the evidence. *Id.* at 145.

■ Much like this Court's observation in *Nucor*, the evidence presented at the

---

**5.** For clarification's sake, we note that the pleading subject to amendment in the instant case is the complaint. CR 15.02 only applies to the pleadings listed in CR 7.01, specifically: complaints, answers, replies to counterclaims, answers to cross-claims, third-party com-

plaints, Rule 14 summons, and third-party answers. *Fratzke v. Murphy*, 12 S.W.3d 269 (Ky.1999). This list is inclusive, and other types of pleadings (such as interrogatories) are not "pleadings" within the meaning of CR 15.02. *Id.* at 271.

trial of this case supported the factual allegation that Sparkman conducted his cleaning business under the alias "d/b/a In–Depth Sanitary Service Group." Significantly, all parties treated Group and Sparkman as interchangeable throughout the trial. All of the CKI contracts admitted at trial identify Group as the vendor providing services. In his testimony and an affidavit introduced at trial, Sparkman explained that at the time he entered into contracts with CKI, he used the "doing business as" alias "In–Depth Sanitary Services Group."[6] The letter informing Sparkman that CONSOL/CKI was terminating its contracts was addressed to Group and bore the salutation: "Dear Keith." CONSOL/CKI's proposed jury instructions included references to "Keith Sparkman" as well as "Keith Sparkman d/b/a In–Depth Sanitary Services Group." Finally, CONSOL/CKI's notice of appeal was taken against "Keith Sparkman d/b/a In–Depth Sanitary Service Group."[7]

 The parties' treatment of Sparkman and Group as interchangeable entities is understandable given the nature of the relationship between an individual proprietor and his sole proprietorship. A sole proprietorship is defined as "a business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." BLACK'S LAW DICTIONARY (10th ed. 2014). A sole proprietorship, therefore, differs greatly from other business organizations such as corporations or limited liability companies (LLCs),

even in cases where a business organization has only one shareholder or member. For example, the sole member of an LLC or sole shareholder of a corporation is not entitled to assert in his or her individual capacity the rights of the business organization. *Turner v. Andrew,* 413 S.W.3d 272 (Ky.2013); *Miller,* 551 S.W.2d 241. An owner of a sole proprietorship, on the other hand, is liable in his or her personal capacity for the liabilities of the sole proprietorship, and may assert the rights of the sole proprietorship in his individual capacity:

> In short, the individual proprietor is the 'boss', personally employing others as employees or agents. *The business contracts* —those made personally or by agents within their actual or apparent authority or, when made beyond the agency power, ratified—*are the proprietor's contracts.* As to torts, the proprietor is responsible directly for those personally committed and vicariously (respondeat superior) for those committed by employees within the scope of their employment. The proprietor's personal liability, therefore, is unlimited, subject to possible protection by contractual stipulation or insurance. To the extent that most personal assets might already be invested in the business, limited personal liability would not add much benefit as a practical matter. Credit can be had for the business to the extent of not only the business assets but also the proprietor's personal assets.

---

**6.** The Court of Appeals suggested that Sparkman jointly owned Group with his wife. However, the record reflects that Sparkman was the sole owner of Group. Sparkman's wife is a 50% owner of the corporation, Inc.

**7.** The judgment naming "Sparkman d/b/a In–Depth Sanitary Service Group" was taken from the jury award, which was based on jury instructions proposed by CONSOL. If the

jury instructions erroneously named a "nonparty" to the litigation, there is a cognizable question as to whether CONSOL affirmatively invited the error. This Court recently concluded that when a party invites error by proposing erroneous jury instructions, that party has waived its right to appellate review of the "defect." *Thornton v. Commonwealth,* 421 S.W.3d 372, 377 (Ky.2013).

William Bardenwerper, 4A Ky. Prac. Methods of Prac., Part III: Business Organization, § 18:1 (emphasis added).

■ Individual proprietors commonly operate sole proprietorships under aliases, or "assumed names," often, as here, with the individual's name followed by "doing business as." To operate under an assumed name, Kentucky Revised Statute (KRS) 365.015(3) stipulates that a sole proprietor must first file a certificate of the assumed named with the "county clerk where the person maintains his or her principal place of business." The purpose of this statute and its predecessors, as explained by this Court's predecessor in *Hayes v. Providence Citizens' Bank & Trust Co.*, 218 Ky. 128, 290 S.W. 1028, 1029 (1927) is to protect the public by ensuring that consumers are aware of the identity of the persons or entities with whom they are conducting business. The *Hayes* case concerned money deposited with a bank by an individual (Hayes) under an assumed name. *Id.* at 1028. Hayes brought suit against the bank when it failed to properly account for his deposit and refused to pay him on demand per the parties' agreement. *Id.* In response, the bank argued that during all times covered in Hayes's complaint, Hayes had operated under an assumed name. *Id.* Because Hayes had admittedly failed to file the requisite certificate under the assumed named statute, the bank asserted that he could not seek to enforce the deposit agreement in his individual capacity.[8] *Id.* Rejecting this argument, the *Hayes* Court concluded that while the failure to comply with an assumed name statute may result in statutory penalties, it does not (expressly or impliedly) invalidate contracts made by the party operating under the assumed name. *Id.* at 1029. The Court opined that voiding a contract because a party has failed to comply with the assumed name statute would not further the objective of public protection, but would in fact encourage fraudulent practices. *Id.*

Turning to the case at bar, there is no evidence in the record that Sparkman filed a certificate memorializing the "Keith Randall Sparkman d/b/a In–Depth Sanitary Service Group" assumed name pursuant to KRS 365.015(2). There was, however, evidence that Sparkman, as the sole proprietor of Group, was the signatory on all of Group and CKI's contracts, and that he continued to use Group as an alias for himself in his individual capacity when conducting business with CKI. As a sole proprietorship, Group's contracts *are* Sparkman's contracts; and Sparkman's failure to comply with the assumed name statute does not invalidate those contracts as the Court of Appeals suggested.[9] *See Hayes*, 290 S.W. at 1028. The proof presented at trial used to establish the identity of the

---

8. For comparison, the statute in *Hayes* was section 199b1 of the Kentucky Statutes, which read: "No person or persons shall hereafter carry on or conduct or transact business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct, said business."

9. The Court of Appeals questioned whether the "third creature", *i.e.*, Group, "even exists" due to failure to file an assumed name certificate.

parties, though seemingly introduced as an obligatory technical matter, was sufficient to prove that Keith Sparkman, as the owner of Group, operated under the alias "Keith Sparkman d/b/a In–Depth Sanitary Service Group." Because the proof necessary to establish the foregoing was already in evidence, *Nucor* permits the application of CR 15.02 to amend the complaint to reflect not merely Keith Randall Sparkman but also "Keith Randall Sparkman d/b/a In–Depth Sanitary Service Group" as the proper party designation.

Of course, consent is a requisite for any amendment of the pleadings under CR 15.02. Whether a party impliedly consents to the trial of unpleaded issues turns on the matter of actual prejudice. *Nucor Corp.*, 812 S.W.2d at 146. Actual prejudice in the context of pleadings does not concern "winning or losing," but rather "being unable to present a defense which would have been otherwise available." *Id.* at 146. To quote from *Nucor*. "It seems clear that at the trial stage the only way a party may raise the objection of deficient pleading is by objecting to the introduction of evidence on an unpleaded issue. Otherwise he will be held to have impliedly consented to the trial of such issue." *Id.* at 145 (internal citations omitted).

As the parties concede, the complaint (brought by Sparkman and by Inc.) and the judgment (awarding damages to Sparkman d/b/a In–Depth Sanitary Service Group) are facially incongruent. Furthermore, as the Court of Appeals correctly concluded, Inc. is a wholly separate entity from Group and Sparkman. However, an objection to Group's technical absence from the complaint was *always* available to CONSOL and CKI, and yet those entities never challenged the identification of the plaintiff(s). *Cf. Fratzke*, 12 S.W.3d 269 (plaintiff's amendment made on last day of trial without leave of court

supplementing answer to reflect amounts for unliquidated damages was improper when defendant had no notice and was unaware of the supplemented answer). Instead, CONSOL and CKI included the proper designation of the contracting party, Group, in their own purposed jury instructions. Furthermore, the factual basis of Sparkman's claim against CONSOL/CKI remained the same throughout the proceedings. *Nucor Corp.*, 812 S.W.2d at 146. Under these circumstances, CONSOL/CKI suffered no actual prejudice, and Sparkman has appropriately invoked CR 15.02 on appeal. *Bowling Green–Warren Cnty. Airport Bd. v. Long*, 364 S.W.2d 167, 171 (Ky.1962) (CR 15.02 "may be invoked even though the appellate level has been reached."); *see also Parrish v. Kentucky Bd. of Medical Licensure*, 145 S.W.3d 401 (Ky.App.2004).

Because "Keith Sparkman d/b/a In–Depth Sanitary Service Group" was an accepted designation of an existing party to the action by implied consent of the parties, even though the complaint simply said "Keith Sparkman", the trial court's judgment containing this designation of the party for whom judgment was entered was proper. The Court of Appeals erred in reversing and remanding the judgment to the trial court because there was appellate jurisdiction over the matter and all affected parties.

## II. Naming of the Parties in the Notice of Cross–Appeal was Sufficient to Transfer Jurisdiction to the Court of Appeals.

Much of the confusion surrounding the naming of the parties in this case derives from the formation of "In–Depth Sanitary Services, Inc.", Sparkman's confusingly similarly-named corporation. Inc. sought to recover damages as a result of the actions of a former employee, Amy

Little, who was accused of attempting to usurp the cleaning contracts with CKI. Little was dismissed from the lawsuit by a directed verdict at trial. On appeal to the Court of Appeals, the caption of the notice of cross-appeal identifies the plaintiffs as: "Keith Randall Sparkman and In–Depth Sanitary Services, Inc." The body of the notice of cross-appeal differs, stating that "Keith Randall Sparkman *d/b/a* In–Depth Sanitary Services, *Inc.*" (emphasis supplied) is the party giving notice of a cross-appeal from a judgment of the Knott Circuit Court entered on October 14, 2009. As previously noted, in the October 14 order the trial court denied CONSOL/CKI's motion for judgment notwithstanding the verdict but sustained their motion to reduce the jury award by $34,500.00.

The Court of Appeals *sua sponte* dismissed the cross-appeal reasoning that even if the party identified in the body of the notice, "Sparkman d/b/a In–Depth Sanitary Service, Inc.," actually existed it was not a party to the underlying litigation, and, therefore, any notice of cross-appeal naming such a party was defective, referencing *City of Devondale v. Stallings.* The appellate court also *sua sponte* found that the cross-appeal was subject to dismissal because it challenged the wrong order, *i.e.,* the October 14 order amending the judgment as opposed to the original August 29 judgment.

▇▇▇▇ A notice of appeal is "the procedural instrument by which an appellant invokes the appellate court's jurisdiction." *Flick v. Estate of Wittich,* 396 S.W.3d 816, 819 (Ky.2013) (internal quotations omitted). CR 73.03(1) simply provides that a notice of appeal "shall specify by names all appellants and appellees." The purpose of naming the appellant/appellee is to provide sufficient notice to the parties of the coming appeal. *Blackburn v. Blackburn,* 810 S.W.2d 55, 56 (Ky.1991). To that end, this Court has long held that "naming a party in the caption of the notice is, standing alone, sufficient to satisfy the rule, even though the party is not named in the body of the notice." *Lassiter v. American Exp. Travel Related Services Co., Inc.,* 308 S.W.3d 714, 718 (Ky.2010). In so doing, "fair notice is given to the opposing party, and thus the objective of the notice is satisfied." *Id.*

The *caption* of Sparkman's notice of cross-appeal was styled: "KEITH RANDALL SPARKMAN AND IN–DEPTH SANITARY SERVICES, INC." Focusing on the naming of the plaintiff in the *body* of the notice of cross-appeal— "Keith Randall Sparkman d/b/a In Depth Sanitary Services Inc."—, the Court of Appeals asserted that it lacked jurisdiction to entertain the cross-appeal over what it perceived to be a non-party.[10] This conclusion is erroneous in light of our case law. While we agree that the variance in party names is both frustrating and confusing, the naming of both Sparkman and Inc. in the caption of the notice was sufficient to give fair notice to the opposing parties, CONSOL and CKI. *See Lassiter,* 308 S.W.3d at 718. Because the notice of the cross-appeal was sufficient under our case law and CR 73.03 to confer appellate jurisdiction, the Court of Appeals erroneously dismissed the cross-appeal on that ground.

▇▇▇▇ The Court of Appeals further concluded that Sparkman cross-appealed the wrong judgment. The appellate court

---

**10.** "Keith Randall Sparkman d/b/a In Depth Sanitary Services Inc." is an inappropriate designation because it improperly conflates the names of the original plaintiffs. Moreover, an individual cannot do business as a corporation. However, the *caption* of the notice was consistent with the style of the case as it proceeded in the trial court.

explained that because Sparkman attempted to raise evidentiary issues in his cross-appeal, he was required to appeal from the August 28 judgment of the trial court, rendering his cross-appeal from the October 14 order subject to dismissal. Again, we disagree. Almost thirty years ago, in *Ready v. Jamison*, 705 S.W.2d 479, 482 (Ky.1986) this Court held that failure to properly specify the final judgment from which the appeal was taken does not warrant automatic dismissal, "so long as the judgment appealed from can be ascertained within (sic) reasonable certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the opponent." Here, as often is the case, post-judgment motions delayed finality of the original judgment until entry of an order disposing of those motions, an order that in this case partially modified the original judgment. The best method of designating the judgment appealed from in these circumstances is something akin to that used in CONSOL/CKI's notice of appeal. They indicated they were appealing "the Judgment entered . . . on August 28, 2009, the Court having denied the Defendants' Motion for Judgment Notwithstanding the Verdict, and to Alter, Amend or Vacate the Judgment on October 14, 2009." This designation encompasses both of the post-trial judgments/orders. Nevertheless, under the longstanding rule from *Ready v. Jamison*, the reference to the October 14, 2009 order alone was not fatal. The judgment appealed from could be "ascertained with reasonable certainty" and there was no harm or prejudice whatsoever to CONSOL or CKI. 705 S.W.2d at 482. The cross-appeal should not have been dismissed on this ground, either.

## CONCLUSION

For the reasons explained herein, we reverse the Court of Appeals' opinion and remand this matter to that Court for a full review of the merits of the appeal and cross-appeal.

All sitting. All concur.

