Judge Simpson
delivered the opinion of the Court.
The names of the defendants are stated in the plaintiff’s amended declaration just as they were written by them to the bond upon which the suit was brought, and it is well settled that an obligor may be sued by the name in the bond, whether it be his full name or not; and if the declaration be against the defendant in his right name, though it varies from that in the process, he cannot, even at common law, plead in abatement: (1 Chitty’s Pleadings, 486.) And if it cannot be pleaded in abatement, it certainly is not available upon general demurrer.
But under our statutes regulating civil proceedings and the disregard of mere technicalities consequent upon the liberal practice which they have introduced, the objection made in this case, to the variance between the process and the amended declaration is immaterial, and should have been totally disregarded, if it can be denominated a variance at all. The defendants in the declaration are sued as W. G. Hughes and Phi. Berry, agreeably to their signatures to the bond. The process issued against them as W. alias Willis G. Hughes and Phi. alias Philander Berry. This is clearly neither a substantial variance, nor a misnomer. And even if it could have been so considered by the strict rules of the *161 common law, it cannot be looked upon as any thing else than a mere technical objection, made for the purpose of delay, and one which, under our statutes dispensing with many of the formalities in pleading required at common law, has no weight, and is not entitled to any consideration whatevei’.
In an-acUon against the sureties of a constable for failing to collect and pay over money upon an execution it is necessary to aver that the liability occurred during the time in which the defendants were bound as sureties; i. e. the two years.
But although the demurrer to the declaration is said to have been sustained by the Court below, on account of this supposed variance between the declaration and the process, other objections are now urged to it, which it becomes necessary to consider.
The defendants are sued upon a bond executed by them on the 16th of May, 1842, as the sureties of a Constable. By the law then in force, Constables remained in office for the period of two years and no longer. It is contended that the plaintiff’s declaration contains no allegation of any breach of the bond within the two years.. So far as the plaintiff has attempted to charge a breach growing’out of the collection by the Constable, and his failure to pay over the amount of certain specified executions, the objection seems to have been well taken. This breach is alleged to have occurred on the — day of-1844, hut whether before or after the expiration of the two years does not appear. The dates and the return days of the executions are stated, and it is averred that they came to the hands of the officer while they were in full force. But, as the return day in both executions was subsequent to the expiration of the two years, the averment may be true, and yet the executions may never have reached the-hands of the officer until the liability of the defendants on the bond executed by them, had ceased and determined. It is also averred that the executions were delivered to him for collection while he was acting as Constable. But as he might have been re-appointed, and have continued to act .as Constable, it does not necessarily follow, from this allegation, that he received them during his continuance in office, under his appointment made at the time the defendants executed the bond up»on which this suit was brought.
But an averment that the executions were placed in the hands of the constable within two years from the date of his bond, and - collected by him during his continuance in offtce is, sufficient.
Ih an action of debt on a constable’s bond against the sureties after the deathofthe principal, it is not necessary to aver the non-payment of the penalty by the representatives of the principal, nor was it necessary to notice in the declaration the death of the principal, .as the bond was joint and several. (1 Chit. 49.)
*162 There is, however, one breach in the declaration which we deem substantially good. It is alleged that the relator of the plaintiff, on the 10th day of November, 1843, delivered to said Constable, .for collection, certain enumerated debts, which were afterwards, viz: on the — day of --, in the year-, and. during the time of his continuance in said office, collected, by him as Constable aforesaid. As it appears that these debts were placed in his hands for collection within two years after the date of the bond, it seems to us the allegation that they were collected by him during the time of his- continuance in office must be regarded as having reference to the two years then unexpired, and is equivalent to an averment that the debts were collected within two years from the time of his appointment in May, 1842.
But it is also contended, that the breaches are all defective because the death of the Constable was averredV in. the plaintiff’s declaration, to have occurred before the commencement of the suit, and there is no averment that the money which he collected had not been paid to the relator of the plaintiffs by his representatives, after his death.
This was an action of debt upon the bond, for the penalty, against the surviving obligors, the Constable-having died. The declaration,in setting out the breaches of the condition, alleged that the officer, after having, collected the debts placed in his hands for collection,, failed and refused to pay the money over to the relator,, and that the defendants failed to pay the same, although often requested, &c., whereby they became liable to pay to the plaintiff, for the use and benefit of the relator, the penalty of the bond ; yet said defendants, although requested, had not paid the same to the plaintiff, nor did the said Dickey, the Constable, in his lifetime, pay the same.
The declaration showed a breach of the condition of the bond by the Constable in his lifetime. For that breach, the remedy at common law, the bond being joint, was against the surviving obligors alone. No ac- *163 Con at law could be maintained against the executor or administrator of the deceased joint obligor. Consequently, it was unnecessary to aver, in an action against the surviving obligors, that the demand had not been paid by the representatives of the deceased obligor. Indeed, where one of the parties originally bound was dead, it was not necessary to notice him in the declaration, or to declare against the survivors, as such, but they might be sued as if they alone were the parties principally liable: (1 Chitty’s Pleading, 49.) A remedy, in such a case, it is true, has been given by statute against the representatives of the deceased joint obligor ; but this cannot be considered as having the effect of changing the law as to the mode of declaring against the surviving obligors, when the suit is brought against them. This objection, therefore, to the plaintiff’s declaration must be disregarded.
Jeff. Brown for plaintiff; Morekead Sf Reed and J. 4“ W. L. Harlan for defendants.
And as the demurrer was general, and the declaration contained one good breach, the demurrer should have been overruled, and it was erroneous to sustain it to the whole declaration..
Wherefore, the judgment is reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.