Dixon v. Melton, Sheriff.

CASE 82.—ACTION BY SUE REEVE DIXON AGAINST ED MELTON, SHERIFF.—March 18, 1910.

## Dixon v. Melton, Sheriff

Appeal from Henderson Circuit Court.

J. W. HENSON, Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Judgment—Sufficiency of Summons to Support—Variance in Name.—A summons against "Miss Sue Dixon" is sufficient to support a judgment against "Sue R. Dixon"; it having been served, and there being no showing that the one was not the same person as the other, or that any prejudice resulted from the variance.

2. Judgment—Collateral Attack—Disqualification of Judge.—One desiring to attack in a suit for injunction an order assessing her property on the ground that it was made and entered by a judge interested, and so disqualified, should have shown by averment and proof the fact of his interest.

3. Appeal and Error—Presumption.—In the absence of the records of the county court in assessment proceedings, it will be assumed on appeal, in a suit to enjoin collection, that its reduction of an assessment made by it was regularly and properly made.

4. Appeal and Error—Presumption.—It will be assumed, on appeal in a suit to enjoin an assessment made by the county court, that had all its record been brought up it would uphold the assessment against "Susie" Dixon as one against "Miss Sue" Dixon, in which name the summons issued.

VANCE & HEILBRONNER for appellant.

YEAMAN & YEAMAN for appellee.

vol. 137—44

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was brought by the appellant plaintiff below to enjoin the appellee sheriff from collecting an assessment of $128.70, levied against her land in a proceeding under chapter 76, art. 8, of the Kentucky Statutes (Russell's St. secs. 4455-4511), relating to the drainage of lands. The petition avers that the appellant was never served with process and had no notice of the assessment against her, and, further, that the court making the assessment had no jurisdiction over appellant or her property. In his answer the defendant averred, in substance: That in April, 1901, a petition was filed in the Henderson county court asking that court to establish a public ditch. That viewers were appointed to assess the property that would be benefited by the ditch and to report an estimate of the cost and an apportionment of the work among those whose lands were benefited by it. That after the viewers made their report to the county court a summons was issued directing the sheriff to summon all persons whose lands were assessed for the construction of the ditch, and among the persons so summoned was the appellant, Sue R. Dixon. That certain persons filed remonstrances and had reviewers appointed to review the work of the viewers who made their report to the county court, but that appellant, although duly summoned, made no remonstrance against the reviewers' report or objection to its confirmation. That the court, having the parties in interest before it, entered a judgment establishing the ditch and apportioning the cost among the landowners benefited thereby, and entered an order di-

recting the cost to be paid by the 1st day of August, 1907. That among the persons so ordered to pay was the appellant, and, upon her failure to pay, a warrant for $128.70 was placed in the hands of the sheriff for collection. To this answer a reply was filed controverting its material allegations.

A very imperfect and partial transcript of the proceedings in the county court appears as a part of the record; but we find from it that an order was entered on April 22, 1901, in ditch book No. 2 of the Henderson county court, in what is known as the Sellars' Ditch Case, "reciting the fact that Henry Korff, Joseph C. Dixon, and others filed their petition praying for the appointment of viewers of the line of a proposed ditch known as Sellars' ditch, and reciting the course of said ditch and the acres of land affected thereby, and that said petition was ordered filed, and it was adjudged by the court that the construction of the ditch would conduce to the public health, convenience, and welfare, and would be a public benefit and utility, and appointed viewers to view and report thereon as provided by the statute for the drainage of lands." It further appears that on this petition a summons in regular form was issued on March 8, 1904, against "Miss Sue Dixon" and other defendants, and was executed March 26, 1904, on the several defendants, including "Miss Sue Dixon," by delivering to each of them a true copy. Again on May 25, 1905, another summons, regular in form, was issued against "Susie Dixon" and others, which was executed in full on May 31, 1905. The record also shows that J. H. Hart, judge of the Henderson county court, presided when the petition was filed and the order before mentioned entered. But it appears that on March 26, 1906, Hart retired as

county judge because he was interested in the pro-
ceeding, and thereupon M. C. Givens was elected by
the parties special judge to hear the exceptions and
determine them as by law provided.  After this an
appeal was taken from the judgment entered by
Givens to the circuit court, and on a trial there a
verdict was returned in favor of opening the ditch,
but relieving some of the remonstrators from liability
therefor.  This judgment was certified to the county
court, and a judgment entered by Hart, judge, in
compliance with the judgment of the circuit court.
The judgment in the county court reads: "This cause
coming on to be heard upon the final report of the
reviewers, and the court, being sufficiently advised,
does adjudge that same be, and it is hereby, approved
and confirmed.  It is further ordered that the per-
sons whose property was assessed for the construc-
tion shall pay their proportion of the costs of the pro-
ceedings on or before July 1, 1907."  The appellant,
who was the only witness introduced, merely testi-
fied that no summons had been executed upon her in
the ditch proceedings, and that she did not know any-
thing about them.

The argument that no summons was executed upon
appellant is rested upon the proposition that as the
full name of appellant as given by her in her deposi-
tion is "Sue Reeve Dixon," and the summonses were
issued against and executed upon "Miss Sue Dixon"
and "Susie Dixon," therefore it should be de-
termined that no summons was executed upon her.
It is not denied that there was a proceeding in the
county court for the purpose of assessing the land of
Miss Sue Dixon, or that she was a party to this pro-
ceeding, or that there was a judgment establishing
the ditch, or that her land was in fact assessed, and,

in the absence of any showing to the contrary, we will assume that all the proceedings taken and had in the county court were regular. So that the only question in issue is: Was the summons issued against and executed upon "Miss Sue Dixon" sufficient to bind the estate of "Sue Reeve Dixon," or "Sue R. Dixon," as her name is given in the petition. It is perfectly manifest that Miss Sue Dixon and the appellant are the same person. There is no pretense of fraud or mistake on the part of the officer, nor any intimation that there was any other person in Henderson county except the appellant whose name was Sue Dixon. We have no doubt that a proceeding and summons against Sue Dixon would be amply sufficient to sustain a judgment entered against Sue R. Dixon, unless it were made to appear that Sue R. Dixon was not the same person as Sue Dixon. In American & English Encyclopaedia of Pleading˙.& Practice, vol. 14, p. 301, the editor states: "The weight of authority, however, is that if a party who is intended to be sued is served with process in which he is incorrectly designated, he must appear and object to the misnomer; otherwise the judgment is good and he will be bound by it." In Newman's Pleading & Practice, p. 288, in speaking of errors in the name of a party to a suit, it is said: "If the mistake be merely in omitting the middle or one of the Christian names of the party, or the adjunct of junior, it will in general be a wholly immaterial variance." To the same effect is Anderson v. Rogers, 1 Bush, 200; Commonwealth v. Hughes, 10 B. Mon. 160. An error in the name of a party will not invalidate the proceeding against him, unless it appears that he has been prejudiced thereby; and there is no showing whatever that the appellant has been in any wise preju-

diced by the judgment from which she prosecutes this appeal.

It is further insisted that, as J. H. Hart at the inception of the proceeding in the county court retired from the bench, because he was a party in interest, he was also interested when the judgment was entered upon a return of the case from the circuit court, and, being interested, was disqualified to sign the order in the case; and so all orders signed by him, including the one finally adjudging the appellant liable for the assessment, were void. There is no evidence that J. H. Hart had any interest in the proceedings when the final judgment was entered. Whether or not he was then interested, we do not know. True, in the assessment made after the return of the case from the circuit court, the name of J. H. Hart appears, but whether this J. H. Hart was J. H. Hart the county judge is not shown. If appellant desired to attack the validity of the orders assessing her property upon the ground that they were made and entered by a judge who was interested in the proceeding, and consequently disqualified to act, she should have shown this fact by averment and proof. Aside from this, the precise question here presented was made in Coquillard Wagon Works v. Ed Melton, Sheriff, 137 Ky., —, 125 S. W., 291, and it was there held that the county judge, Hart, was not disqualified to enter orders and judgments similar to those entered by him in this case after its return from the circuit court to the county court. The reasons for thus ruling are well stated in the opinion, and we do not deem it necessary to re-iterate them here.

It is also argued that as the record of the county court does not show that the assessment was made

against the property of Sue R. Dixon or Sue Reeve Dixon, but against "Susie," it is void, and it is assigned as error that the assessment attempted to be collected is $128.70, when the judgment at one time was for $252.85 and at another $295.18. Why the assessment was increased from $252.85 to $295.18, or how it came to be reduced to $128.70, does not appear, and, in the absence of the records of the county court court showing why this reduction was made, we assume that it was regularly and properly done.

It appears from the orders of the county court that Alvis and Susie are the children of J. C. Dixon, and that the land of J. C. Dixon, as well as that of Alvis and Susie, was assessed for this ditch. We will therefore assume that the omitted parts of the county court record would uphold the assessment against "Susie" as an assessment against Miss Sue Dixon, especially as there is no attempt to show that the "Susie" is not "Miss Sue Dixon." If the appellant desired us to pass understandingly on these technical questions, the whole record of the county court should have been brought here. In view of the fact that learned counsel did not do this, we take it for granted that the only question they desire to make on the appeal is that the summons against "Miss Sue Dixon" was not sufficient to support a judgment against "Sue R. Dixon," as appellant is styled in her petition filed by counsel, or Sue Reeve Dixon as she is styled in the statement filed by the same counsel.

The record, in our opinion, does not furnish any reason why the judgment should be disturbed, and it is affirmed.