**GEORGE H. ROMMEL COMPANY, Inc., Appellant,**

v.

**Frank GREENWELL, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

J. Walter Clements, Louisville, for appellant.

Marion Rider, Frankfort, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court vacating an order of the Workmen's Compensation Board which dismissed the appellee's application for compensation. A reversal is sought on the grounds that the Board correctly found that appellee had not filed his claim against the appellant within one year after the last voluntary payment of compensation.

The facts relating to the question to be answered are not in dispute. The appellee, Frank Greenwell, suffered an injury on February 26, 1951, while working as a laborer for the appellant, "George H. Rommel Company." Both parties had elected to operate under the Workmen's Compensation Act. Appellee immediately reported his injury to his foreman, and on March 15, 1951, the appellant received a full report of the accident from its superintendent.

On March 29, 1951, the appellee sent, by registered mail, a claim for compensation to the proper address of the appellant. However, this form incorrectly stated appellant's name as "George H. Rommel." The appellant admits that it received this claim and immediately forwarded it to its insurance carrier for handling. Shortly thereafter a representative of the insurance company arranged for appellee to be examined by Dr. R. T. Hudson.

As a result of negotiations between the appellee and a representative of the appellant's insurance carrier, a compensation agreement was executed by all parties concerned on May 3, 1951. This agreement provided that appellee was to receive compensation benefits in the amount of $120. Neither the agreement nor the settlement receipt was filed with the Compensation Board as provided for by KRS 342.265.

On February 25, 1952, appellee filed an application for adjustment of his claim with the Compensation Board in which he designated "George H. Rommel" as his employer. Notice of the filing of this application was immediately sent to the appellant and its insurance carrier by the Compensation Board. On May 19, 1952, the appellant filed a special answer asserting that there was a defect in the name of the party defendant and stated the correct name of the appellant as "The George H. Rommel Company, Inc."

When the case was called for trial on May 22, 1952, the appellee filed an amended application naming "The George H. Rom-

mel Co., Inc.," as the party defendant. The appellant thereupon filed its special answer pleading that the amended application was filed after one year from the cessation of voluntary payments of compensation, and, therefore, the claim was barred by the one year statute of limitations. KRS 342.270. The Compensation Board sustained the plea of limitations. On appeal to the circuit court, the order of the Board was vacated, and the case was remanded to the Board for a hearing upon its merits.

We have made a careful examination of the record in an effort to ascertain the correct name of the appellee's employer. Yet we are left in some doubt due to the fact that some of the exhibits reflect that appellant has used the name "George H. Rommel Company;" others show "The George H. Rommel Co., Inc.," was the name signed to the compensation agreement and that "George H. Rommel Co., Inc.," was signed to the employees' accident report. The special answer of the appellant states that its correct name is "The George H. Rommel Company, Inc." We further observe that the appellant is designated as a party to the appeal as "George H. Rommel Company, Inc." To clear the confusion as to what the legal name of the appellant really is, we have read the articles of incorporation filed in the office of the Secretary of State, and therein we find the corporate name of the appellant to be "Geo. H. Rommel Company."

We recognize the fact that a corporation can legally have only one name, and that must be the name given to it in its articles of incorporation. However, under this record we do not think the misnomer in the application filed on February 25, 1952, was such a substantial error as to affect the sufficiency of the application as the commencement of an action against the Geo. H. Rommel Company. The provisions of the former Civil Code of Practice apply in Workmen's Compensation

cases, United States Coal & Coke Co. v. Gilley, 296 Ky. 522, 177 S.W.2d 877, and it is provided in Section 134 that:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party; or, by correcting a mistake in the name of a party, or a mistake in any other respect * * *. The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

We think this section of the code, which was in effect at the time this case was tried, affords us ample authority to disregard as immaterial the error in giving the incorrect name of the corporation intended to be designated as defendant, and that when the amended application was filed to correct this error, the amendment related back to and became a part of the original application. Imperial Jellico Coal Co. v. Neff, 166 Ky. 722, 179 S.W. 829.

Another reason which induces us to affirm the judgment is that there is no showing whatever that the appellant has in any way been prejudiced by the judgment from which it prosecutes this appeal. Dixon v. Melton, 137 Ky. 689, 126 S.W. 358. The appellant had due notice of the claim and had proceeded to adjust it. When the application was filed with the Board, the appellant and its insurance carrier were duly notified by the Board of the nature and pendency of the claim, and the appellant took steps to defend it. Under the facts and circumstances shown in this case we have no doubt that jurisdiction was conferred upon the Compensation Board to hear and dispose of this claim upon its merits.

Judgment affirmed.