RENDERED: MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0170-WC

UNISURED EMPLOYERS' FUND                                    APPELLANT

v.       PETITION FOR REVIEW OF A DECISION
         OF THE WORKERS' COMPENSATION BOARD
         ACTION NO. WC-19-00614

CLARK'S GROCERY; DOUGLAS W.
GOTT, CHIEF ADMINISTRATIVE
LAW JUDGE; JOHN H.
MCCRACKEN, ADMINISTRATIVE
LAW JUDGE; TIMOTHY CHAPPELL;
AND WORKERS' COMPENSATION
BOARD                                                      APPELLEES

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: COMBS, EASTON, AND ECKERLE, JUDGES.

EASTON, JUDGE: The Uninsured Employers' Fund ("UEF") appeals an order of

the Workers' Compensation Board ("the Board") which affirmed an order of the

Chief Administrative Law Judge ("CALJ") directing UEF to pay workers'

compensation benefits to Timothy Chappell because Chappell's former employer is uninsured. We affirm in part, reverse in part, and remand.

## Factual and Procedural Background

Chappell sustained injuries to his neck on January 3, 2019, in the course of his employment. He filed an application for resolution of a claim ("Form 101") in May 2019, naming Clark's Grocery as his employer. The Kentucky Labor Cabinet then filed a certificate of no coverage for Clark's Grocery and UEF was brought into the action by an order of the assigned Administrative Law Judge ("ALJ"). Shortly thereafter, but undated in the record before us, a Notice of Representation was filed by counsel for Clark's Grocery.

Initially, the parties disputed whether Chappell worked for the farming operation associated with the grocery or directly for the grocery. If he was employed exclusively on the farm, an agricultural exemption could potentially apply. A hearing was held to determine this. Mary Clark, owner of Clark's Grocery, fully participated in and testified at the hearing.[1] She was represented by counsel. Her testimony detailed that the farm and the grocery are separate businesses, but both are in her name. She testified her son, CJ, runs the farm and

---

[1] UEF identifies Mary Clark as the owner of Clark's Grocery, and we refer to her in the same manner, which is also consistent with orders of the ALJ, CALJ, and the Board. The record before us, including motions filed by counsel and her own testimony, indicates she goes by her full name, Mary Sue Clark. Her personal tax returns list her name as Mary S. Clark.

she runs the grocery. Her son does not have access to the checking account for the grocery, which is in her name. Mary Clark's tax return was admitted into evidence, and Clark's Grocery was the name of the business identified on her Schedule C. After the hearing, the ALJ entered an interlocutory opinion finding that Chappell worked for the grocery, not the farm, and therefore an agricultural exemption would not apply.

On February 19, 2021, a hearing was held to determine whether Chappell was entitled to compensation for his injuries.[2] While it is unclear from the record before us if Mary Clark was in attendance, her attorney was present and able to cross-examine Chappell, who provided the only testimony presented to the ALJ. On April 18, 2021, the ALJ entered an opinion and order awarding temporary total disability benefits and permanent partial disability benefits to Chappell. Chappell filed a motion for reconsideration which was denied per an order entered on May 25, 2021.

Nearly two months later, on July 20, 2021, UEF filed a motion to amend the name of the employer to "Mary Clark d/b/a Clark's Grocery." UEF explained that "Clark's Grocery" is a not a legal entity because it is not registered with the Secretary of State. As a result, UEF argued it would be unable to sue

---

[2] The hearing was held via Zoom videoconference.

-3-

Clark's Grocery for reimbursement for any compensation paid to Chappell by UEF pursuant to Kentucky Revised Statute ("KRS") 342.760(4).[3]

UEF cited Kentucky Rules of Civil Procedure ("CR") 15.02 and 15.03 as authority for amending Form 101. Clark's Grocery objected, arguing that adding Mary Clark after entry of the award and order would deny her due process as she would be unable to defend the claim individually. The ALJ denied UEF's motion in an order entered on October 8, 2021, agreeing with Clark's Grocery that an amendment of Form 101 would result in a denial of due process to Mary Clark. The ALJ did not address UEF's arguments regarding application of CR 15.02 and 15.03. UEF filed a motion for reconsideration and Chappell filed a response in support of UEF's position. The ALJ entered an order denying UEF's motion for reconsideration, reasoning that jurisdiction to amend Form 101 was lost thirty (30) days after entry of the May 25, 2021, order.

---

[3] KRS 342.760(4) provides:

> [t]he uninsured employers' fund shall be responsible for the payment of compensation when there has been default in the payment of compensation due to the failure of an employer to secure payment of compensation as provided by this chapter. Such employer shall be liable for payment into the fund of all the amounts authorized to be paid therefrom under the authority of this subsection including reimbursement of the special fund of all liability apportioned to it and for the purposes of enforcing this liability the Education and Labor Cabinet, for the benefit of the fund, shall be subrogated to all the rights of the person receiving such compensation from the fund. This provision shall apply to all pending claims upon which a final order has not been entered.

Chappell, not UEF, appealed to the Board. UEF filed a brief and argued that, because Clark's Grocery is not a legal entity, the judgment against it is void for lack of jurisdiction, but also continued to argue Chappell's Form 101 should be amended per CR 15.02 and 15.03. Clark's Grocery also filed a brief in which counsel acknowledged Chappell failed to proceed against a real party in interest. This is despite the fact counsel had been representing Clark's Grocery in the proceedings since 2019, and never notified the ALJ that it believed it was not a real party in interest. On May 13, 2022, the Board entered an order dismissing Chappell's appeal, reasoning the ALJ lost jurisdiction to amend Form 101 thirty (30) days after entry of the May 25, 2021, order.

On September 27, 2022, Chappell filed a motion to reopen his claim with the Department of Workers' Claims. Chappell was not receiving compensation from either Clark's Grocery or UEF and sought an order directing UEF to pay because Clark's Grocery was uninsured. UEF objected to the motion to reopen, arguing that since it cannot collect reimbursement from a non-entity, it should not be subject to secondary liability when no one has primary liability. Clark's Grocery also objected, simply stating that the matter was final, and relief should be denied. After a telephone conference and subsequent briefing, the CALJ entered an order directing UEF to pay Chappell's benefits.

UEF appealed to the Board, and argued the award is void and unenforceable because Clark's Grocery is a non-entity but abandoned arguments pertaining to CR 15.02 and 15.03. Clark's Grocery did not file a brief. The Board entered an order affirming the CALJ, noting that UEF's attempts to amend Form 101 were "untimely at best" and that its argument that it will not be able to collect from Clark's Grocery misses the point because UEF was equally responsible for compensation to Chappell. This appeal followed.

## Standard of Review

The issue presented on appeal involves questions of law. "[T]his Court is bound neither by the decisions of an ALJ or the Board regarding proper interpretation of the law or its application to the facts. In either case, the standard of review is *de novo*." *Miller v. Go Hire Employment Development, Inc.*, 473 S.W.3d 621, 629 (Ky. App. 2015) (citation omitted). Further,

> [w]hen reviewing a workers' compensation decision, our well-established standard is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. Review by this Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*Kindred Healthcare v. Harper*, 642 S.W.3d 672, 679 (Ky. 2022) (internal quotation marks and citations omitted).

## Analysis

We begin by acknowledging that neither the ALJ, CALJ, or the Board addressed any arguments related to CR 15.02, and that UEF abandons the argument on appeal. However, "[w]hen the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law." *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991). The facts of this case support the applicability of CR 15.02.[4]

---

[4] Despite arguments made below, we do not believe CR 15.03 is applicable to the instant action because correction of Form 101 in this instance is not a matter of adding an additional party, but of correcting a misnomer.

> In *Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 28 (5th Cir. 1954), the plaintiff named the defendant incorrectly and mistakenly stated that it was incorporated in Massachusetts. In holding that the District Court erred by dismissing the complaint, the Court of Appeals said:
>
>> [T]he Pacific Indemnity Company should not be permitted to take advantage of a mere misnomer that injured no one, and the district court erred in refusing to permit the amendment of the summons and of the complaint and in dismissing the action. . . .
>>
>>> The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.
>
> *Id.* at 29 (quoting 2 *Moore's Federal Practice*, 2d ed., Sec. 4.44, p.1042). *See also Meltzer v. Hotel Corp. Of Am.*, 25 F.R.D. 62, 65 (N.D. Ohio 1960); Kurt A. Philipps, Jr., 6 *Kentucky Practice*, CR

CR 15.02 provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleading as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, **even after judgment**; but failure so to amend does not affect the result of the trial of these issues.  If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits.  The court may grant a continuance to enable the objecting party to meet such evidence.

(Emphasis added.)

CR 15.02 is applicable in workers' compensation cases.  *Hodge v. Ford Motor Co.*, 124 S.W.3d 460, 463 (Ky. App. 2003).  However, *Shearer v. Hall*, 399 S.W.2d 701, 702 (Ky. 1965), suggests that CR 15.02 is applicable only to issues, not parties.  In *Shearer*, a bridge collapsed, and an injured motorist sued

---

15.03 cmt. 7, p. 318 (5th ed. 1995) ("**Where there is a mistake of identity or misnomer or mislabeling of a defendant, the harshness of this rule [CR 15.03(2)] should not apply**").

*Jones v. Baptist Healthcare System, Inc.*, 964 S.W.2d 805, 808 (Ky. App. 1997) (emphasis added).

individual members of the fiscal courts of the two counties charged with maintaining the bridge; however, the two counties themselves were never made defendants. *Id.* Our then-highest Court held that the plaintiffs' failure to name the counties as parties did not fall under the purview of the CR 15.02, stating: "This question should not be confused with the situation where an 'issue' not raised by the pleadings, but tried by expressed or implied consent, is treated in all respects as if it had been raised in the pleadings under CR 15.02." *Id.* at 703.

In 2015, the Kentucky Supreme Court analyzed *Shearer* in depth. In *Sparkman v. Consol Energy, Inc.*, 470 S.W.3d 321 (Ky. 2015), the underlying complaint mistakenly identified plaintiff as his commercial cleaning operator's incorporated business, rather than as his sole proprietorship, which was the entity that was party to contracts disputed in the litigation. During trial, the parties treated the incorporated business and the sole proprietorship as one and the same and agreed to submit the case to the jury with instructions designating the sole proprietorship as the party for whom judgment was sought. As a result, the complaint and the judgment were facially incongruent.

Due to this discrepancy, this Court determined it had no jurisdiction over the appeal. The Kentucky Supreme Court disagreed and reversed. In analyzing *Shearer*, our highest Court distinguished *Sparkman* not only because it involved amending the complaint to add a plaintiff rather than a defendant, but also

because the issue presented was "not one of adding a completely new party to the action. Rather, this case concerns proof adduced at trial to identify how the plaintiff operated his cleaning business[.]" *Sparkman*, 470 S.W.3d at 327. We believe the instant action is also distinguishable from *Shearer* for similar reasons.

The record before us is clear: the proof adduced at the hearings before the ALJ shows Mary Clark and Clark's Grocery are one and the same. This is the very nature of a sole proprietorship.[5] The UEF proceeded from a false premise in its argument that Clark's Grocery was a non-entity or not a legal entity, regardless of its registration status. Clark's Grocery is a sole proprietorship; it is Mary Clark.

Unlike *Shearer*, amending Form 101 to properly designate Chappell's employer as Mary Clark d/b/a Clark's Grocery is not a matter of bringing a wholly separate or different entity into the action. Rather, it amounts to correction of a

---

[5] Clark's Grocery is essentially a sole proprietorship. A sole proprietorship is defined as "a business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." *Sparkman*, 470 S.W.3d at 328 (citation omitted). While the record demonstrates that this is applicable to Clark's Grocery, the record is unclear whether Mary Clark fulfilled any of the requirements to properly register Clark's Grocery as a sole proprietorship. As further explained by the Kentucky Supreme Court,

> [i]ndividual proprietors commonly operate sole proprietorships under aliases, or "assumed names," often, as here, with the individual's name followed by "doing business as." To operate under an assumed name, Kentucky Revised Statute (KRS) 365.015(3) stipulates that a sole proprietor must first file a certificate of the assumed named with the "county clerk where the person maintains his or her principal place of business."

*Sparkman*, 470 S.W.3d at 329.

simple misnomer. Mary Clark was served and participated in the proceedings at every step, from the beginning. Chappell's claim proceeded with an understanding by Chappell, UEF, the ALJ, the CALJ, and the Board that Clark's Grocery was Chappell's employer, but there is no difference between Mary Clark and Clark's Grocery.[6] The fact that Mary Clark is indistinguishable from Clark's Grocery is highlighted in the interlocutory order entered by the ALJ, finding that Chappell worked for the grocery, not the farm. The order stated, in relevant part,

> [t]he ALJ relies on Mary Clark and CJ Clark to find that the farm and Clark's Grocery are on property owned by Mary Clark. The ALJ relies on Mary Clark and CJ Clark to find that the grocery store and farm file separate tax returns. However, the ALJ relies on Mary Clark to find that she paid some people who helped her at the store from a checking account that had her name on it. The ALJ relies on Mary Clark to find that this account was also dubbed the "farm" account and that Chappell was paid from this account. The ALJ relies on Mary Clark to find that she had signatory authority on the farm account and Clark's Grocery account.
>
> . . . .
>
> Although none of Chappell's payroll checks were placed into the record, it is clear from the proof that he was paid from an account in Mary Sue Clark's name that she called the farm account. The ALJ relies on Mrs. Clark to find that she also paid other people who helped at the store from the farm account. The ALJ notes that Mrs. Clark avoided paying any person who helped at the store account from the store account. The ALJ is not

---

[6] Indeed, a motion filed by counsel for Clark's Grocery on or about May 8, 2020, states, "Comes the Defendant, Mary Sue Clark . . . ."

-11-

convinced by the tax records filed that Chappell was not an employee of Clark's Grocery. Nor is the ALJ convinced by Mrs. Clark and CJ Clark that Chappell was not an employee of Clark's Grocery. The fact that her store tax return did not disclose payroll or wage payments is inconsistent with her testimony that she had a girl help her at the store who she paid, yet that payroll did not appear on her return either.

The facts of this case demonstrate that Mary Clark had notice of Chappell's injuries, his subsequent claim, and fully participated in the proceedings, albeit under the misnomer of Clark's Grocery. There is nothing in the record to suggest – and no argument has been made by Mary Clark[7] – that she would have defended the action any differently as her individual name than as her sole proprietorship, Clark's Grocery. Even though the CALJ ordered UEF to pay Chappell's claim because Clark's Grocery is uninsured, the order also noted that "[h]aving considered the matter more carefully since the phone conference with the parties, the CALJ is dubious of Mary Clark's due process arguments since she is Clark's Grocery Store and fully participated in this claim[.]"

It is longstanding Kentucky law that "[n]otice and an opportunity to be heard and defend are the essentials of due process[.]" *Morgan Cnty. v. Governor of Kentucky*, 156 S.W.2d 498, 500 (Ky. 1941). Further, the opportunity to examine and cross-examine witnesses, to introduce and refute evidence, is central to the

---

[7] No brief was filed on behalf of Clark's Grocery and/or Mary Clark in this appeal.

right of due process.  *Utility Regulatory Comm'n v. Ky. Water Service Co.*, 642 S.W.2d 591 (Ky. App. 1982).  There is no disputing Mary Clark had notice and an opportunity to be heard.  Her attorney also examined and cross-examined witnesses at both hearings before the ALJ.

A scenario like the instant action has previously been before our highest Court.  In *George H. Rommel Co. v. Greenwell*, 273 S.W.2d 46 (Ky. 1954), an injured worker sought compensation from his employer whom he designated as "George H. Rommel" on his application for benefits.  However, the employer was a corporation entitled "The George H. Rommel Company, Inc."  When the worker tried to amend his complaint, he was barred from doing so by the statute of limitations contained in KRS 342.270.  On appeal, our then-highest Court reasoned as follows:

> We recognize the fact that a corporation can legally have only one name, and that must be the name given to it in its articles of incorporation.  However, under this record we do not think the misnomer in the application filed on February 25, 1952, was such a substantial error as to affect the sufficiency of the application as the commencement of an action against the Geo. H. Rommel Company.  The provisions of the former Civil Code of Practice apply in Workmen's Compensation cases, United States Coal & Coke Co. v. Gilley, 296 Ky. 522, 177 S.W.2d 877, and it is provided in Section 134 that:
>
>> 'The court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or

proceeding to be amended, by adding or striking out the name of a party; or, by correcting a mistake in the name of a party, or a mistake in any other respect . . . . The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.'[8]

We think this section of the code, which was in effect at the time this case was tried, affords us ample authority to disregard as immaterial the error in giving the incorrect name of the corporation intended to be designated as defendant, and that when the amended application was filed to correct this error, the amendment related back to and became a part of the original application. Imperial Jellico Coal Co. v. Neff, 166 Ky. 722, 179 S.W. 829.

Another reason which induces us to affirm the judgment is that there is no showing whatever that the appellant has in any way been prejudiced by the judgment from which it prosecutes this appeal. Dixon v. Melton, 137 Ky. 689, 126 S.W. 358. The appellant had due notice of the claim and had proceeded to adjust it. When the application was filed with the Board, the appellant and its insurance carrier were duly notified by the Board of the nature and pendency of the claim, and the appellant took steps to defend it. Under the facts and circumstances shown in this case we have no doubt that jurisdiction was conferred upon the Compensation Board to hear and dispose of this claim upon its merits.

*George H. Rommel Co. v. Greenwell*, 273 S.W.2d 46, 48 (Ky. 1954).

---

[8] The Civil Code of Practice was abolished and replaced by the Kentucky Rules of Civil Procedure effective July 1, 1953.

Although we recognize the civil rule cited by the Court in *Greenwell* is outdated, the reasoning used by the Court is applicable in the context of applying CR 15.02 to the instant case, particularly because the statute of limitations (KRS 342.270(1)) had run by the time the ALJ entered the opinion award, and order.[9] However, as in *Greenwell*, the amendment of Form 101 will not add a party after expiration of the statute of limitations, but rather, it will correct a misnomer of a party that has been present since the action commenced. As a result, the amendment of Form 101 will result in no due process violation to Mary Clark.

We also note that, even if we had not factored CR 15.02 into our analysis, the fact that Clark's Grocery was a misnomer still binds Mary Clark to the judgment:

> [t]hough a defendant be misnamed in a suit, if he is
> properly served with process and does not plead

---

[9] The statute of limitations would have expired on January 3, 2021, or two years after Chappell's injuries. At the time the *Greenwell* case was rendered, the statute of limitations was one year. KRS 342.270(1) provides

> [i]f the parties fail to reach an agreement in regard to compensation
> under this chapter, either party may make written application for
> resolution of claim. The application must be filed within two (2)
> years after the accident, or, in case of death, within two (2) years
> after the death, or within two (2) years after the cessation of
> voluntary payments, if any have been made. When the application
> is filed by the employee or during the pendency of that claim, he or
> she shall join all causes of action against the named employer
> which have accrued and which are known, or should reasonably be
> known, to him or her. Failure to join all accrued causes of action
> will result in such claims being barred under this chapter as waived
> by the employee.

the misnomer he is bound by the judgment.  However, it is essential that the service should have been on the intended defendant; the case must be one of misnomer and not mistaken identity.

*Ramirez v. Commonwealth ex rel. Brooks*, 44 S.W.3d 800, 805 (Ky. App. 2000) (footnote omitted).  UEF could have sued Mary Clark, regardless of the misnomer. We believe the misnomer should be corrected where it occurred to avoid any argument about this in a subsequent subrogation suit.

There is no question that this is not a case of mistaken identity.  Mary Clark held herself out as Clark's Grocery.  It was not until after the award of workers' compensation benefits was final and UEF sought amendment of Form 101 that Clark's Grocery finally asserted Chappell had failed to pursue compensation against a real party in interest.  *Even if* Chappell had initially identified his employer as Mary Clark d/b/a Clark's Grocery, notice would have still been provided to Mary Clark, just as it was when Chappell identified his employer as Clark's Grocery.

If we resolve this appeal the way UEF urges (*i.e.*, that the award is void because Clark's Grocery is a not a legal entity), Chappell will be completely without compensation for his work-related injuries.  If we affirm the Board, Clark's Grocery/Mary Clark are potentially completely off the hook for reimbursement to UEF for benefits paid to Chappell.  Neither result is consistent with the spirit of the workers' compensation statutes in Kentucky.

-16-

> "The primary purpose of the Workers'
> Compensation Act is to aid injured or deceased workers"
> and statutes are to be interpreted "in a manner that is
> consistent with their beneficent purpose." *Ky. Uninsured
> Employers' Fund v. Hoskins*, 449 S.W.3d 753, 762 (Ky.
> 2014) (citations omitted). The overarching purpose of
> the workers' compensation chapter "is to compensate
> workers who are injured in the course of their
> employment for necessary medical treatment and for a
> loss of wage-earning capacity, without regard to fault,"
> thereby enabling them "to meet their essential economic
> needs and those of their dependents." *Adkins v. R & S
> Body Co.*, 58 S.W.3d 428, 430-31 (Ky. 2001) (citations
> omitted). Inextricably intertwined with provision of
> necessary medical treatment and compensation for lost
> income, a coequal "purpose of workers' compensation
> legislation is to restore the injured worker as soon as
> possible and as near as possible to a condition of self-
> support as an able-bodied worker," and "to enable the
> worker to reenter the job market and become employed
> again in a position as near as possible in pay and status to
> the one the claimant has been forced by injury to leave."
> *Wilson v. SKW Alloys, Inc.*, 893 S.W.2d 800, 802 (Ky.
> App. 1995) (citations omitted).

*Harper*, 642 S.W.3d at 679.

Over four years after sustaining work-related injuries, Chappell has

not received his award, due largely to a game of cat-and-mouse that has ensued to

identify and correct the true name of Chappell's employer. Mary Clark d/b/a

Clark's Grocery, a sole proprietorship, was Chappell's employer at the time he was

injured. Amending Form 101 to reflect this is permitted by both CR 15.02 and

caselaw regarding correction of a misnomer. Mary Clark received notice and an

opportunity to be heard. In fact, except for this appeal, she fully defended the action. There is no resulting prejudice or denial of due process.

## Conclusion

We affirm the Board to the extent it ordered UEF to pay compensation to Chappell due to the uninsured status of his employer. However, we reverse and remand for amendment of Form 101 to correctly reflect the name of Chappell's employer as "Mary Clark d/b/a Clark's Grocery."

ALL CONCUR.

BRIEF FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

James R. Carpenter
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE TIMOTHY CHAPPELL:

Gerald Vanover
London, Kentucky