RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0913-MR

SAMUEL A. NELSON                                                APPELLANT

                       APPEAL FROM GRAVES CIRCUIT COURT
v.                     HONORABLE KEVIN D. BISHOP, JUDGE
                             ACTION NO. 21-CI-00026

CITIZENS DEPOSIT BANK AND
RANDALL BURCHARD                                    APPELLEES

AND

NO. 2022-CA-1076-MR

SAMUEL A. NELSON                                                APPELLANT

                       APPEAL FROM GRAVES CIRCUIT COURT
v.                     HONORABLE KEVIN D. BISHOP, JUDGE
                             ACTION NO. 21-CI-00026

RANDALL BURCHARD                                            APPELLEE

<u>OPINION AND ORDER AFFIRMING IN PART
AND DISMISSING IN PART</u>

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND KAREM, JUDGES.

ECKERLE, JUDGE:  These consolidated appeals arise from a foreclosure action. In appeal No. 2022-CA-0913-MR, Appellant, Samuel A. Nelson ("Nelson"), *pro se*, appeals from the judgment and order of sale granted in favor of Appellee, Citizens Deposit Bank ("Citizens").  Following the Master Commissioner's sale of the property, Nelson refused to vacate, prompting the purchaser, Appellee, Randall Burchard ("Burchard"), to file a motion for possession, which the Circuit Court granted.  In appeal No. 2022-CA-1076-MR, Nelson also now appeals what he contends is an "illegal eviction."  Upon careful review, we affirm the Circuit Court in regard to appeal No. 2022-CA-0913-MR and dismiss appeal No. 2022-CA-1076-MR.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 2016, Nelson executed a series of promissory notes and mortgages with Citizens to purchase various plots of land in Graves County.  His payments became delinquent, and on January 29, 2021, Citizens filed the underlying complaint for foreclosure.  That complaint and the accompanying civil summons both named "Samuel L. Nelson" as the defendant, using the incorrect middle initial.  The Graves County Sherriff's report contained in the record before

us shows that personal service on Nelson was attempted ten times from February 1, 2021, through March 3, 2021. The report also contains a handwritten notation that states "gates closed locked." Another notation recites that Nelson had moved and provides a new address. Citizens next attempted service through a warning order attorney, but the letter was returned as undeliverable.

In May 2021, Citizens filed an amended complaint that listed "Samuel A. Nelson" in the case caption, but still used "Samuel L. Nelson" in the body of the complaint. The amended complaint also added the Church of Samson Trust, Samuel A. Nelson, Trustee, as a defendant. Nelson was personally served with the amended complaint on May 24, 2021, but the summons still listed "Samuel L. Nelson." The sheriff's office noted on the return service that "Samuel A. Nelson" was served. Nelson also signed the return summons, but with a notation that stated he accepted service "with prejudice" followed by a citation to the Uniform Commercial Code ("UCC").[1]

Nelson did not file an answer. Rather, on June 14, 2021, he filed the first of numerous motions to dismiss the foreclosure complaint. Nelson argued that Citizens had failed to join him as an indispensable party. Citizens filed a second amended complaint on July 12, 2021. This time, the case caption and the body of

---

[1] The UCC is inapplicable to this appeal or to service of Nelson at the time. Nelson cited UCC § 1-308, which is wholly inapposite to service of a civil summons.

the complaint referenced "Samuel A. Nelson." Although the civil summons generated by the circuit clerk still listed "Samuel L. Nelson," the sheriff's reports contained in the record indicate service was perfected on Samuel A. Nelson as Trustee of the Church of Samson Trust and upon "Samuel Nelson." Nelson again filed a motion to dismiss the foreclosure complaint, alleging that he had not been served and that the sheriff simply left scattered papers on his property that contained the name "Samuel L. Nelson."

The record before us indicates that parties appeared before the Circuit Court on September 14, 2021. Nelson was put under oath and stated his name as Samuel A. Nelson. He was then personally served with a copy of the second amended complaint. The Circuit Court granted summary judgment in favor of Citizens in October of 2021, and it referred the matter to the Master Commissioner for sale of the property. Shortly thereafter, Citizens moved for an amended judgment to include certain liens as they appeared in the second amended complaint. On December 10, 2021, the Circuit Court entered an amended judgment.

On the morning of the Master Commissioner's sale, Nelson filed for bankruptcy. Neither Citizens nor the Master Commissioner received notice of the filing until after completion of the sale. Citizens filed an emergency motion in the bankruptcy proceedings claiming Nelson's petition was filed in bad faith and

requested dismissal. Although the bankruptcy court granted Citizens' motion and dismissed Nelson's petition, the title company refused to certify title to the purchasers. In order to remove any doubt about any possible effect of Nelson's bankruptcy filing, the Circuit Court vacated the sale and ordered it to be rescheduled.[2]

The next attempt to sell the property by the Master Commissioner was vacated due to the failure of the local newspaper to run the requisite advertisement. The property was finally sold to Burchard on June 20, 2022. After entry of the Master Commissioner's Report, Nelson filed a notice of appeal. Approximately one month after the sale, Burchard filed a motion for possession, alleging that Nelson refused to leave the property. The Circuit Court granted the motion, and Nelson filed another notice of appeal. Nelson continued to refuse to vacate. He posted a rambling letter at the gates to the property stating that he refused to leave and that "there are laws much higher than any court, office, or man in Graves County[.]" Nelson was eventually held in contempt and incarcerated. Further facts will be developed as necessary.

---

[2] The original purchasers were Douglas and Stephanie Ingram. They eventually successfully intervened in the action for reimbursement of fees and other expenditures made in purchase of the property.

## STANDARD OF REVIEW

With regard to the judgment and order of sale, Nelson argues only that the Circuit Court failed to join an indispensable party pursuant to Kentucky Rule of Civil Procedure ("CR") 19.01, which provides that:

> The decision as to necessary or indispensable parties rests within the sound authority of the trial judge in order to effectuate the objectives of the rule. The exercise of discretion by the trial judge should be on a case-by-case basis rather than on arbitrary considerations and such a decision should not be reversed unless it is clearly erroneous or affects the substantial rights of the parties.

*Commonwealth, Dep't of Fish & Wildlife Res. v. Garner*, 896 S.W.2d 10, 14 (Ky. 1995) (quoting *West v. Goldstein*, 830 S.W.2d 379 (Ky. 1992)).

## ANALYSIS

We first note that Citizens did not file an appellee brief. When a party fails to file a responsive brief, the Court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if the appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Cabinet for Health and Family Services v. Loving Care, Inc.*, 590 S.W.3d 824, 826 (Ky. App. 2019) (quoting *Roberts v. Bucci*, 218 S.W.3d 395, 396

-6-

(Ky. App. 2007)). Because the issue raised on appeal is both narrow and meritless, we exercise our discretion to refrain from imposing any penalties herein; however, we caution that such courtesy may not be extended in the future.

Turning to Nelson's argument, he contends that the Circuit Court failed to join him as the proper defendant. Nelson's argument is completely without merit. This mistake was no more than a simple misnomer in that the incorrect middle initial was used. This Court has held that a defendant in these types of circumstances should not use a mistaken name as a sword to attempt to wield a dismissal:

> [One] should not be permitted to take advantage of a mere misnomer that injured no one. . . . The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.

*Jones v. Baptist Healthcare System, Inc.*, 964 S.W.2d 805, 808 (Ky. App. 1997) (citations omitted).

Although here the civil summons contained the incorrect middle initial, the first and last names were correct. Further, there is no question that Nelson was the intended recipient. Further, Citizens amended its complaint to correct the defendant's initial, even if the subsequent civil summons still listed the

middle initial of "L." instead of "A."  The final judgment entered on December 10, 2021, correctly named "Samuel A. Nelson."

"An error in the name of a party will not invalidate the proceeding against him, unless it appears that he has been prejudiced thereby[.]" *Dixon v. Melton*, 126 S.W. 358, 360 (Ky. 1910).  Nelson has shown no prejudice.  Rather, he received due process of law in the foreclosure action.  Under longstanding Kentucky law, "[n]otice and an opportunity to be heard and defend are the essentials of due process." *Morgan Cnty. v. Governor of Kentucky*, 156 S.W.2d 498, 500 (Ky. 1941).  Further, "the object or purpose of a service of process is to notify of the proceeding, thereby affording *an opportunity to appear before and be heard by the court*." *Rosenberg v. Bricken*, 194 S.W.2d 60, 62 (Ky. 1946) (emphasis added).

Here, Nelson had both notice and opportunity.  Nelson appeared before and was heard by the Circuit Court numerous times over the course of two years.  He referred to himself as "defendant Nelson" in many of his filings attempting to dismiss the action and/or stop the sale of the property.[3]  This was not a case of mistaken identity; rather, it was merely a simple misnomer of only a middle initial.  "If the mistake be merely in omitting the middle or one of the

---

[3] We note that the Circuit Court denied many of Nelson's motions simply for his failure to follow the Kentucky Rules of Civil Procedure because they were signed by his paramour, Taylor Starks, who was not a party to the underlying action and is not an attorney.

Christian names of the party, or the adjunct of junior, it will in general be a wholly immaterial variance." *Dixon*, 126 S.W. at 359-60 (citation omitted). The same logic applies here. The incorrect middle initial was an immaterial variance. Nelson was the intended recipient of process and was served. There was no error on the part of the Circuit Court.

We now turn to Nelson's "illegal eviction" argument in appeal No. 2022-CA-1076-MR. Burchard filed a motion for possession on August 23, 2022. Nelson did not file a response. The Circuit Court entered an order requiring Nelson to vacate the property on August 29, 2022. Nelson filed his notice of appeal on September 7, 2022. On September 8, 2022, Burchard filed a motion of non-compliance, indicating that Nelson had not vacated the property and, when Burchard arrived, Nelson followed him around with a military-style rifle. On September 13, 2022, the Circuit Court ordered Nelson to show cause as to any reason that he should not be held in contempt for failure to vacate the property. On September 28, 2022, the Circuit Court entered an order holding Nelson in contempt and sentenced him to 30 days of incarceration.

Most of Nelson's arguments on appeal do not relate to Burchard's possession of the property after purchase. Rather, they are the same issues raised in the other appeal, and we shall not address them again.

In his brief to this Court, Nelson improperly and incompletely cites various, alleged caselaw. RAP 31(E)(1) contains strict requirements for citations, including that

> [p]arties shall cite Kentucky cases reported after June 1886 from the Supreme Court and its predecessor court: *Doe v. Roe*, ___ S.W.2d ___ (Ky. [date]); or from the present Court of Appeals (beginning in 1976), *Doe v. Roe*, ___ S.W.3d ___ (Ky. App. [date]). Case names should be italicized.

Nelson's citations contain case names only without any indication as to the applicable Reporter, Court, or year. Nevertheless, this Court attempted to find the cases using the captions as provided by Nelson. An exhaustive search on Westlaw revealed the cases cited are not part of Kentucky caselaw, if they in fact exist at all.[4] For example, a search for the case captioned by Nelson as *Northeast Healthcare Kentucky, L.L.C. v. Commonwealth* yielded no results in Kentucky or related federal cases. A search for "Northeast Healthcare Kentucky" alone was similarly unsuccessful. We note that, although several results did appear for "*Cobb v. Commonwealth*" as cited by Nelson, none of those cases addressed contempt as described by Nelson.

"Appellants must exercise **care, diligence, and trustworthiness** to ensure the accuracy of pinpoint citations provided to the appellate court in support

---

[4] The Court is concerned about the source of this alleged research, and it cautions parties to double-check if using artificial intelligence or any other means.

-10-

of any arguments[.]" *Prescott v. Commonwealth*, 572 S.W.3d 913, 918 (Ky. App. 2019) (emphasis added). This reasoning applies not just to pinpoint citations within the record, but also to citations of legal authority. It is not this Court's job to determine if caselaw cited by Nelson exists. Further, RAP 32(4) requires an appellant's argument to contain "ample . . . citations of authority pertinent to each issue of law[.]" Because his "authority" is seemingly nonexistent, Nelson also failed to follow the RAP in this regard.

> Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)]; or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990).

*Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Here, we choose to strike Nelson's brief and dismiss the appeal.

## CONCLUSION

For the foregoing reasons, the Graves Circuit Court is AFFIRMED with regard to appeal No. 2022-CA-0913-MR. It is ORDERED that Appeal No. 2022-CA-1076-MR is DISMISSED.

ALL CONCUR.

ENTERED: 05/31/2024 _____ _____
JUDGE, COURT OF APPEALS

-11-

BRIEFS FOR APPELLANT:

Samuel A. Nelson, *pro se*
Benton, Kentucky

BRIEF FOR APPELLEE RANDALL BURCHARD:

J. Todd Elmore
Mayfield, Kentucky